MID STATES ENGINEERING, APPELLEE, v. VERNON ROHDE, APPELLANT.

156 N. W. 2d 149

Filed February 2, 1968. No. 36716.

H. L. Blackledge, for appellant.

Kelly & Kelly, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Plaintiff Mid States Engineering is a copartnership and brought the present action to recover money due under a written contract with the defendant Vernon Rohde. On June 2, 1965, the defendant, an earth contractor, entered into a contract with the Dry Creek South Watershed Conservancy District for the construction of two earth dams and on the same date, defendant entered into a contract with plaintiff as a subcontractor for the performance of a portion of the work required on said dams. The contract provided for the following work to be done by plaintiff: "Prewatering Foundation & Borrow Area at $2.50 per M galloan (sic) for 1st 2288 M gallons & 2.25 for remainder M gallons as required and accepted by construction Engineer * * *." Both the primary and the subcontract were to be performed in accordance with the plans, specifications, and requirements of the Soil Conservation Service which are set out in exhibit 2 and were duly received in evidence. A portion of this exhibit entitled "SUPPLEMENTAL SPECIFICATION N-527" provides as follows: "The Contractor will not be paid for water or for sprinkling the fill material to obtain proper moisture content as the cost of this work shall be included in the contract price per cubic yard for that class of fill," a provision with

which defendant must be presumed to have been familiar and to have taken into account in bidding for the contracts to be let in connection with the dams mentioned, since, by his own testimony, he had done this type of work before. In addition thereto, his contract with the plaintiff specifies that in connection with his primary contract "plans, specifications, work schedules, addenda and incidental instruments, are known to and understood by the undersigned parties; and made part hereof by reference." Plaintiff, as subcontractor, performed prewatering services on the foundations and borrow areas as provided by its contract, as required by the Soil Conservation Service specifications, and to the satisfaction of the Soil Conservation Service engineer in charge of the project. He supplied 2,860,000 gallons of water on the project foundations and 5,778,400 gallons of water in the borrow pit areas. Defendant does not dispute that the work was done by plaintiff in compliance with the plans, specifications, and requirements of the contract. Neither does he dispute the amount of water supplied or the rate to be paid therefor. His only contention is that he was to pay only for water used on the foundations and was not to pay for the water used in the borrow pit areas, apparently basing this contention on the fact that he was not paid as a separate item for the water used in the borrow pit areas. This expense, as heretofore pointed out, was required to be included in the contract price per cubic yard of fill. Defendant's contention is a direct contradiction of the terms of the contract entered into between plaintiff and defendant.

The district court found generally for plaintiff and entered judgment for plaintiff in the sum of $20,008.40, with interest thereon at 6 percent per annum from January 1, 1966, and costs. The undisputed evidence discloses that plaintiff completed work under the contract on July 5 or 7, 1965, and final inspection was had on July 22, 1965. Both parties question the date fixed by the

court as the time from which interest should start to run. Defendant has appealed.

Defendant contends that the contract between the parties is ambiguous and that he, therefore, should have been permitted to introduce parol evidence to explain and vary the terms of the contract. We are unable to discern any ambiguities in this contract, but on the contrary, find it to be clear and unambiguous and find that the following precepts set forth in Reorganized Church of Jesus Christ v. Universal Surety Co., 177 Neb. 60, 128 N. W. 2d 361, are applicable: "The parol evidence rule is not merely one of evidence but is a rule of substantive law which declares that certain kinds of facts are legally ineffective and forbids them to be proved. * * * If negotiations between parties result in an agreement in reference to the subject matter thereof and if they reduce the agreement to writing, execute, and deliver it, the writing, in the absence of fraud, mistake, or ambiguity, is the only competent evidence of the contract. * * * If a written contract contains a complete obligation without ambiguity as to the object and extent of the engagement, it is conclusively presumed that the whole agreement of the parties was included therein. * * * A written contract expressed in unambiguous language is not subject to interpretation or construction and the intention of the parties to such a contract must be determined from its contents." The trial court was correct in assessing the amount due from defendant to plaintiff under and in accordance with the terms of the contract and in the principal sum of $20,008.40.

Regarding interest to be allowed, it is apparent that immediately upon completion of the subcontract by plaintiff, ascertainment of the amount of water furnished under the contract was possible, the amount due plaintiff was readily determinable by multiplying the gallonage by the contract price and the amount due plaintiff became fixed and was no longer an unliquidated claim. "In order to be liquidated so as to bear

594

interest, a claim must be fixed and determined or readily determinable; but it is sufficient for this purpose if it is ascertainable by computation or a recognized standard." 47 C. J. S., Interest, § 19 b, p. 30. "The general rule is that, in the absence of agreement to the contrary, liquidated demands bear interest whereas unliquidated demands do not; * * *." 47 C. J. S., Interest, § 19 a, p. 28. It is true that this court has held upon occasion that where a reasonable controversy exists as to plaintiff's right to recover and the amount of such recovery, a claim is generally considered to be unliquidated and interest is not allowed. See Lundt v. Parsons Constr. Co., 181 Neb. 609, 150 N. W. 2d 108. This situation is not applicable to the present case where as a matter of law, contrary to the only ground upon which it is contested, the contract is found to be clear and unambiguous and the defense untenable. Plaintiff is entitled to interest on the amount due at the legal rate from date of the completion of the contract on July 22, 1965.

This judgment is affirmed as modified.

AFFIRMED AS MODIFIED.