SOPHIE ERICKSON, APPELLANT, v. MARGARET A. NEWELL, NOW KNOWN AS MARGARET A. MORTON, ET AL., APPELLEES.

163 N. W. 2d 286

Filed December 13, 1968. No. 36977.

Keith I. Frederick and Schmid, Ford, Snow, Green & Mooney, for appellant.

Shrout, Nestle & Caporale, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

NEWTON, J.

This is an action to foreclose a real estate mortgage brought by Sophie Erickson, as plaintiff, against Margaret A. Morton, nee Newell, hereinafter referred to as defendant, and her husband. The trial court dismissed plaintiff's petition. We reverse the judgment and remand the cause.

Defendant, a Nebraska resident, is a niece of the plaintiff who resides in Illinois. On June 18, 1962, plaintiff forwarded the sum of $10,000 to defendant. In August of that year, plaintiff came to Nebraska and paid off a first mortgage on defendant's home in the sum of $14,460.46. It is conceded that defendant had received other sums from plaintiff at various times.

The same day the mortgage on defendant's home was paid, the parties had a promissory note drawn which was in the principal sum of $25,000 and payable to plaintiff. No due date was inserted in the note. It drew in-

terest at 6 per cent per annum from date until paid. At the same time, a real estate mortgage was drawn as security for the sum due on the note. Plaintiff was named as grantee in the mortgage which conveyed defendant's home. Both instruments were executed by defendant and delivered to plaintiff.

The mortgage contained the following clause: "In the event of the death of said, Sophie Erickson, mortgagee any unpaid balance due on this mortgage from said mortgagor, Margaret A. Newell shall be concelled (sic)." It provided that it should be payable as follows: "One hundred ($100.00) Dollars on the 2nd day of January, 1963 and the sum of $100.00 Dollars on the 2nd day of each and every month thereafter. * * * with interest thereon at 6% per cent per annum, payable monthly all according to the tenor and effect of a certain promissory note * * *." It also contained the standard clause printed therein requiring the mortgagor to pay taxes and assessments on the mortgaged property and to keep it insured in the sum of $25,000 with loss payable to the mortgagee. Failure to so insure, or to pay principal and interest when due, or to pay taxes and assessments before they became delinquent rendered the entire indebtedness due and collectible at the option of the mortgagee.

Defendant paid the 1962 taxes and all subsequent taxes were paid by plaintiff. Defendant paid the sum of $100 each month but nothing further to apply on interest or taxes. It is her contention that according to her understanding with plaintiff, the sum of $100 payable each month was to cover principal, interest, and taxes. She contended that the note and mortgage were ambiguous and was permitted, over plaintiff's objections, to introduce parol evidence in support of her claim that the $100 per month payments were to cover all payments due and accruing on the note and mortgage.

It will be noted that interest at 6 per cent per annum would amount to $1,500 per annum or $125 per month, an amount exceeding the payments defendant said were

to be made monthly. In addition, taxes for the years involved ran from $481.38 to $606.21. Insurance was maintained at $16,000 rather than $25,000, apparently without a mortgage clause.

The determining factor in this case is that dealing with the applicability of the parol evidence rule. Is the contract ambiguous or incomplete? The note does not contain a due date. Section 3-108, U. C. C., provides: "Instruments payable on demand include those * * * in which no time for payment is stated." The note is therefore a demand note for $25,000, drawing interest at 6 per cent per annum until paid. The mortgage provided the manner and time of payment. Because it provided for monthly payments, with interest payable monthly, it is deemed ambiguous. Clearly had the mortgage provided in the same language for the payment of $5,000 annually, with interest also payable annually, its meaning would be clear and unequivocal. Interest payments, as well as principal payments, would be required. Defendant seeks herein to vary the terms of a written instrument which is clear and complete, and in regard to which neither fraud nor mistake are alleged. "If negotiations between parties result in an agreement in reference to the subject matter thereof and if they reduce the agreement to writing, execute, and deliver it, the writing, in the absence of fraud, mistake, or ambiguity, is the only competent evidence of the contract." Mid States Engineering v. Rohde, 182 Neb. 590, 156 N. W. 2d 149.

It is apparent that even if defendant's contention regarding payment of interest were to be conceded, plaintiff would still be entitled to foreclosure for defendant's failure to pay taxes. Also, defendant is in violation of the clause requiring her to carry insurance on the property in the sum of $25,000, payable in the event of loss to the mortgagee.

The situation revealed by the record in this case re-

quires the judgment entered by the trial court be reversed and the cause remanded.

REVERSED AND REMANDED.