ELMER MINTKEN, APPELLEE AND CROSS-APPELLANT, V.
NEBRASKA SURETY COMPANY, A CORPORATION,
APPELLANT AND CROSS-APPELLEE.
188 N. W. 2d 819

Filed July 9, 1971. No. 37863.

Robert M. O'Gara of Marti, O'Gara, Dalton & Bruckner, for appellant.

George M. Moyer, Jr., of Moyer & Moyer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Elmer Mintken sued the surety on a grain warehouseman bond for the balance due on an alleged sale of corn by Mintken to the principal. The district court directed

a verdict for Mintken, and it rendered judgment for $4,215, the alleged balance due, without interest to date. Defendant appeals. It contends that the sale was made to one other than the principal. Mintken cross-appeals. He contends that he was entitled to interest from date of delivery of the grain to the principal.

The principal on defendant's bond was Davis Feed and Grain, Inc., of which D. E. Davis was president and his wife, secretary. Davis agreed to purchase Mintken's corn crop of 1966 for $1.27 a bushel. He made no disclosure that he was acting as an agent, and Mintken was unaware of the corporation. Mintken completed delivery of the shelled corn to Davis at the farm on September 13, 1966. Davis deposited it in the corporation elevator without delivering to Mintken or anyone else scale tickets or a warehouseman's receipt. A corporation employee unloaded the grain into the elevator without weighing it. Estimates by Mintken and the sheller fixed the quantity of corn at 4,500 bushels. Davis with his personal check subsequently paid $1,500 on the balance due. The corporation was adjudicated a bankrupt.

D. E. Davis had incorporated his business of trucking, feed salesman, and elevator operator. He was president and his wife was secretary. They destroyed the corporate records after the bankruptcy. The record of her testimony implies that the corporation was an alter ego for Davis and his wife: "Q . . . explain what office you held? A. Secretary, I guess. . . . Q. . . . what became of the corporate records . . .? A. Well, after we took bankruptcy we didn't figure there was any need for the records anymore so they were destroyed. We didn't have any place to keep them so they were destroyed." The evidence was uncontradicted.

An undisclosed principal is ordinarily bound by contracts made on his account by an agent acting within his authority. See, Garbark v. Newman, 155 Neb. 188, 51 N. W. 2d 315 (1952); Restatement Agency 2d, § 186, p. 420. No exception to the rule existed here.

The bond in suit was conditioned upon the faithful performance by the warehouseman of all provisions of law relating to the storage of grain. The Warehouse Act, sections 88-501 and 88-503(3), R. R. S. 1943, provides: (1) That grain received without payment of the price for 30 days was held in storage and (2) that the depositor was entitled to the protection of the grain warehouseman bond. Regardless of the nature of the transaction in other contexts, Mintken became a person storing grain under the act. The district court correctly imposed liability on defendant for the principal amount of $4,215.

The estimates of the quantity of corn sold by Mintken were correct within 280 bushels. The actions of the Davis corporation blocked an accurate determination of the exact amount.

A claim is liquidated so as to bear interest where it is determined or readily determinable. It is sufficient if it is ascertainable by computation or a recognized standard. Mid States Engineering v. Rohde, 182 Neb. 590, 156 N. W. 2d 149 (1968).

Mintken requests that we modify the judgment to allow interest at the legal rate from date of the last delivery of the corn, September 13, 1966. His claim was not the subject of reasonable controversy within the meaning of Inland Drilling Co. v. Davis Oil Co., 183 Neb. 116, 158 N .W. 2d 536 (1968). We grant the request.

AFFIRMED AS MODIFIED.