HENRY SCHMIDT, APPELLEE AND CROSS-APPELLANT, V. ROY KNOX, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH MORRILL COUNTY BEAN GROWERS ASSOCIATION, A CORPORATION, APPELLEE AND CROSS-APPELLEE.

215 N. W. 2d 77

Filed February 14, 1974. No. 39124.

Lyman, Meister & Olsen, for appellant.

Atkins, Ferguson, Nichols & Hahn, for appellee Schmidt.

Holtorf, Hansen, Kovarik & Nuttleman, for appellee Morrill County Bean Growers Assn.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

Henry Schmidt, the plaintiff, filed suit based upon six causes of action against Roy Knox and Morrill County Bean Growers Association (hereafter referred to as Association) on certain warehouse receipts issued by Knox. The Association cross-claimed against Knox. The jury found in favor of the plaintiff for $5,786.01 on all six causes of action against defendant Knox. The trial court awarded 6 percent interest from the date of demand on August 18, 1966, rather than relief requested by the plaintiff under section 88-510, R. R. S. 1943. Knox appeals from the jury verdict challenging the sufficiency of the evidence and the trial court's allowance of prejudgment interest. The plaintiff cross-appeals challenging the refusal to grant relief under section 88-510, R. R. S. 1943. We affirm the judgment of the District Court.

In his first cause of action the plaintiff claims that he delivered beans to Knox and in return received a warehouse receipt. Schmidt subsequently presented the

warehouse receipt to the Association at the direction of Knox. Schmidt endorsed the warehouse receipt. The warehouse receipt was later returned to Schmidt by the Association stating that Knox had never delivered the beans to it. In his other causes of action, Schmidt claims as assignee of warehouse receipts from other persons similarly victimized. All parties agree that the plaintiff has never received the beans or their value. The value of the beans at the time of demand was stipulated.

The plaintiff and his assignors, at the direction of Knox, took their warehouse receipts to the Association in July and August of 1966 and endorsed them. Agnes Knox testified that on August 15 or August 16, 1966, she received a call from the Association advising her it needed beans to cover the warehouse receipts involved in this suit. The person asked Knox to deliver them. Knox testified that he delivered the beans to the Association on August 17 or August 18, 1966. Knox then said he requested the warehouse receipts from the Association and delivery of the receipts was refused. Knox contends that he was sufficiently overdelivered on beans to cover the warehouse receipts.

The Association contends that the deliveries made on August 17 and August 18, 1966, were to cover prior delivery orders. The Association strongly urges that nobody called Agnes Knox on August 15 or August 16, 1966, and requested a delivery of beans. The Association claims that on August 18, 1966, after Knox made deliveries to cover prior delivery orders, it asked Knox for the first time to make deliveries to cover the warehouse receipts in question. The Association said Knox stated he did not have any more beans, so it did not turn over the warehouse receipts.

The central question at trial was whether Knox had delivered the beans covered by the various warehouse receipts to the Association. The jury found in favor of the plaintiff and against Knox. In testing the suffi-

ciency of the evidence to support a verdict, it must be considered in the light most favorable to the successful party and every controverted fact must be resolved in his favor and he should have the benefit of every inference that can be reasonably drawn therefrom. Marquardt v. Nehawka Farmers Coop. Co., 186 Neb. 494, 184 N. W. 2d 617 (1971). The verdict will not be disturbed unless it is clearly wrong. Hayes v. Anderson Concrete Co., Inc., 186 Neb. 771, 186 N. W. 2d 477 (1971).

To show that he had delivered beans to cover the warehouse receipts, Knox introduced his handwritten bookkeeping records, the testimony of an accountant who was hired to review the records, and the report of a state warehouse inspector. There is sufficient conflict in the record to support the jury determination that Knox did not deliver the beans to the Association. The record does not clearly show the jury was wrong.

Knox argues that his books show conclusively that he was overdelivered to the Association on beans. The books consist of summaries based upon warehouse receipts issued to those storing grain, scale tickets of grain stored for farmers, and scale tickets on grain delivered to the Association. The warehouse receipts issued by Knox to persons storing grain, which would substantiate the bookkeeping records, were never introduced into evidence, therefore, the jury was not conclusively bound by the books. Similarly, there was a dispute as to the validity of two scale tickets included in the records showing deliveries by Knox to the Association. There was a question whether approximately 85,000 pounds of grain covered by these two scale tickets was ever delivered and even if delivered, whether the weight on the tickets was accurate. Since Knox' records included these two scale tickets, the jury was not conclusively bound by them. As will be shown through the accountant's testimony, the bookkeeping records themselves are subject to conflicting interpretations, therefore not conclusively

showing Knox had delivered the beans to the Association.

Knox next argues that the state warehouse inspector's report clearly shows that he had delivered the beans to the Association and therefore the jury was clearly wrong. A part of the report is based upon Knox' own assertion to the inspector that Knox storage was overdelivered on beans to the Association. The inspector admitted that he did not know whether this asserted overdelivery on beans had been verified at the time or not. The jury was not bound by the unverified assertions of Knox as shown in the state warehouse inspector's report.

Knox finally argues that his accountant's testimony clearly shows he had delivered the beans to the Association. The accountant testified that he was hired to check the records of Knox storage. His summary from Knox' records concluded that Knox was sufficiently overdelivered to the Association on beans to cover the warehouse receipts which are the basis of this suit. The accountant admitted his conclusions were only as accurate as the books which he used to arrive at his conclusions. Likewise, he had used the two disputed scale tickets in reaching his conclusions.

The accountant on cross-examination testified that Knox' records showed that Knox storage had graded more beans than their own records showed they had received from farmers, and also the records indicated that Knox had delivered less beans than he had received.

The above evidence and inferences therefrom were for the jury to weigh and resolve. It resolved them against Knox. The evidence is sufficient to support the verdict.

Knox next challenges the trial court's allowance of prejudgment interest. The trial court allowed interest from the date of demand. The general rule is that, in the absence of agreement to the contrary, liquidated demands bear interest whereas unliquidated demands do not. Mid States Engineering v. Rohde, 182 Neb. 590, 156 N. W. 2d 149 (1968); 47 C. J. S., Interest, § 19 a, p. 28. In order

to be liquidated so as to bear interest, a claim must be fixed and determined or readily determinable; but it is sufficient for this purpose if it is ascertainable by computation or a recognized standard. Mid States Engineering v. Rhode, *supra*; 47 C. J. S., Interest, § 19 b, p. 30; Dobbs, Law of Remedies, § 3.5, p. 164 (1973); McCormick, Law of Damages, §§ 50 to 59, pp. 205 to 233 (1935). The claim here was readily determinable and ascertainable by computation. Mintken v. Nebraska Surety Co., 187 Neb. 215, 188 N. W. 2d 819 (1971). Knox owed the beans or their value to the plaintiff upon demand. The demand date was August 18, 1966. The exact weight of the beans in dispute was known and the only item left for computation was the market value of the beans. This was not only readily ascertainable, but was stipulated by the parties. Awarding of interest by the trial court from the date of demand was correct.

The plaintiff cross-appeals challenging the refusal to grant relief under section 88-510, R. R. S. 1943. That provision states: "For any grain not delivered within twenty-four hours after such demand, the warehouseman shall be liable, upon his bond, to the owner in damages *not exceeding* one cent a bushel for each days' delay * * *." (Emphasis supplied.) It is clear that the words "not exceeding" express a legislative intent of limitation only. The trial court, allowing interest from the time of demand, fully compensated the plaintiff. The award of damages under the statute was within the discretion of the trial court. We find nothing, considering all the evidence in this case, which indicates an abuse of this discretion by the District Court.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.

SMITH, J., not participating.

CLINTON, J., concurring in part and dissenting in part.

I disagree with the portion of the opinion which indi-

cates that an award of interest or of damages under section 88-510, R. R. S. 1943, were appropriate alternatives under the facts of this case. I would hold that section 88-510, R. R. S. 1943, applies only where there is a delay in delivering the property evidenced by the warehouse receipt. There was not here a mere delay in delivery of the beans. They were converted. The value of the beans and interest was the proper measure of damages.

BOSLAUGH, J., joins in opinion of CLINTON, J.