## GeoDynamics Oil & Gas Incorporated
## v. Stewart

*C. Sumner Katz,* for plaintiff.
*John L. Lachall,* for defendant.

SUGERMAN, *J.*, May 5, 1975—The corporate plaintiff filed its second amended complaint ("complaint") in assumpsit and trespass against defendant containing four counts. In the first count, plaintiff alleges the execution and delivery by defendant of a promissory note, payable on demand and overdue. The second count alleges defendant's failure to repay certain cash advances made to him by plaintiff. The third count seeks the recovery of certain sums plaintiff alleges were converted by defendant to his own use, and the fourth count seeks punitive damages from defendant by reason of the conversion alleged in count three.

Defendant attacks the first and fourth counts of the complaint by way of preliminary objections in the nature of a demurrer to each count.

### *Demurrer to Count One*

Plaintiff in count one of its complaint avers that on or about December 20, 1971, defendant executed and delivered to plaintiff "a certain demand promissory note" upon receiving a cash consideration therefor from plaintiff. A copy of the note is annexed to the complaint as exhibit "A" and is here set out in its entirety:

"PROMISSORY NOTE

"FOR VALUABLE CONSIDERATION, the undersigned promises to pay GeoDynamics Oil and Gas Incorporated the sum of Twenty Thousand Dollars ($20,000.00) together with simple interest at the rate of 5¼% per annum from the date hereof on the unpaid balance of this note from time to time remaining.

"IN WITNESS WHEREOF the undersigned has executed this promissory note.

"SECURITY: Maker's interest in four units in the Geo Resources Drilling Fund—1971 Program.

"Date: December 20, 1971 s/ Thomas H. Stewart
THOMAS H. STEWART"

Defendant demurs to the first count, asserting that the principal sum of the note is not yet due and owing and, accordingly, the first count fails to state a cause of action. In support of his contention, defendant argues that the note fails to indicate on its face that it was intended to be a demand note, and that nothing on the face of the note indicates the principal sum is due.

Examination of the note does indeed reveal the absence of the word "demand" or language of similar import. Further, there is no date indicating when the principal sum is to be paid, the date of execution being the only date on the note. Nevertheless, the Uniform Commercial Code, Act

of April 6, 1953, P.L. 3, as amended, 12A PS §3-108, is dispositive, stating unequivocally that:

"Instruments payable on demand include those payable at sight or on presentation *and those in which no time for payment is stated.*" (Emphasis supplied).

It is apparent, then, that a note which fails to set forth a time for payment is, in Pennsylvania, a demand note, due and payable immediately: Master Homecraft Co. v. Zimmerman, 208 Pa. Superior Ct. 401, 222 A. 2d 440 (1966); Liberty Aluminum Products Co. v. Cortis, 14 D. & C. 2d 624 (1958). See also Cheltenham National Bank v. Snelling, 230 Pa. Superior Ct. 498, 500, n. 1, 326 A. 2d 557, 558, n. 1 (1974). Such is the rule without regard to whether the note is negotiable or nonnegotiable.

Admittedly, an ambiguity appears in the body of the note:

". . . together with simple interest at the rate of 5¼% per annum from the date hereof on the unpaid balance of this note *from time to time remaining.*" (Emphasis supplied.)

We do not find the ambiguity significant, however, and do not construe the cited language as rendering the note defective. On its face, the note designates a principal sum of $20,000 and, by reason of the absence of a due date, is a demand note, due and payable immediately, and drawing interest at the rate of 5¼ percent per annum until paid in accordance with its terms. See Erickson v. Newell, 183 Neb. 641, 163 N. W. 2d 286 (1968). *The demurrer must be overruled.

---

*Wherein a note in the principal sum of $25,000 with interest at six percent per annum, but which did not provide for a due date, was held to be a demand note drawing interest at six percent per annum until paid.

## Demurrer to Count Four

Plaintiff in count four of its complaint, sounding in trespass, seeks punitive damages from defendant as the result of an alleged conversion of funds by defendant set forth in count three. Defendant demurs to the claim for punitive damages, asserting thereby that based upon the allegations contained in count four, "no such cause of action for punitive damages under the law exists." It is obvious, then, that by his demurrer, defendant attacks the legality of damages claimed in count four.

Addressing the same subject, this court most recently said, in Hayes Thorndale, Inc. v. Katamoonchink Corp., 65 D. & C. 2d 279 (1974), at 283:

"Preliminary objections in the nature of a demurrer are an inappropriate means by which to challenge the legality of damages: Suraci v. Ball, 160 Pa. Superior Ct. 349, 51 A. 2d 404 (1947); Goodrich-Amram, §1017(b)-11 (1973 Supp., page 242). And see Hudock, et al. v. Donegal Mutual Insurance Company, 438 Pa. 272, 264 A. 2d 668 (1970), reaffirming this principle, and suggesting the appropriate means through which to challenge an allegation of damages not legally recoverable is by preliminary objection in the nature of a motion to strike off impertinent matter."

See, to the same effect, Brown v. Devon-Strafford Company, 16 Chester 181 (1968), and National Bank of Kennett Square v. Adams, 10 Chester 430 (1962).

We are not here called upon to determine whether and in what manner a claim for damages may be tested preliminarily. We are satisfied, however, that a demurrer is not an appropriate means and accordingly, defendant's demurrer to count four of plaintiff's complaint must be overruled.

## ORDER

And now, May 5, 1975, defendant's preliminary objections are overruled and leave is granted defendant to file an answer to plaintiff's second amended complaint within 30 days of the date hereof.