PHILIP J. BURY, JR., APPELLEE, v. ACTION ENTERPRISES, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS ACTION REAL ESTATE, APPELLANT.
246 N. W. 2d 724

Filed November 10, 1976. No. 40597.

Kelly, Cripe & Wellman, for appellant.

Michael G. Helms for Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action on an oral contract of employment. Plaintiff was employed as a salesman by the defendant corporation in August 1971 and was compensated on a commission basis. The defendant Action Enterprises, Inc., is engaged in the real estate business and had offices in several communities including Bellevue, Nebraska, where plaintiff was employed. There were five directors, including Ray and Guinevere Lemke and Curt and Pat Hart. Ray Lemke was president and the other three were vice presidents. All four were stockholders. The fifth director was Tom Costello. Plaintiff was hired by Pat Hart. In October 1973 she informed him he had been promoted to assistant sales manager in charge of the Bellevue office and would receive as additional com-

pensation 5 percent of the "company dollar" or net monthly profit of the office. On January 1, 1974, he was made sales manager and was so advised by Pat Hart. Curt and Pat Hart had been monitoring the Bellevue part of the business on a daily basis while plaintiff was in charge and the Harts also wrote all checks for money paid out at that office. Curt Hart and Mr. Hanson, the general sales manager, advised plaintiff that he would, as manager, receive 10 per cent of the company dollar and Curt Hart paid him that amount for the month of May 1974.

Discussions were had by plaintiff with the Harts and at a March meeting of all the directors about his receiving a 10 percent bonus. Subsequently he was advised by Pat Hart that he would receive the bonus on a semiannual basis. Plaintiff left his position with defendant in early July 1974. For the month of June he was paid 5 percent instead of 10 percent of the company dollar by Guinevere Lemke and was informed he was not entitled to the bonus as it was payable only annually. He sued for the additional 5 percent amounting to $664.35 and for the bonus amounting to $2,691.10. Defendant's answer alleged that the increase in plaintiff's compensation to 10 percent of the company dollar was unauthorized and admitted a bonus was to be paid but only on an annual basis. The jury found for plaintiff.

The evidence outlined above was submitted by plaintiff before he rested. Defendant assigns error because the court failed to dismiss the petition after plaintiff rested and argues that the authority of the Harts to act as agents for defendant was not proved. It would appear from the foregoing that at least a prima facie case had been proved as the Harts were officers of the defendant corporation and in charge of the Bellevue office. Other evidence was subsequently adduced by both parties and clearly a jury question was presented.

Defendant's remaining assignment of error is based on the failure of the court to permit Curt Hart to be

made a defendant on the theory that he acted without authority and would be personally liable to plaintiff. Under Nebraska statute law, the question is whether Curt Hart was or was not a necessary party.

It was the theory of plaintiff's petition that the Harts were agents of the defendant with actual or apparent authority. "It is a fundamental rule underlying the structure of agency law that the principal is bound by, and liable for, the acts which his agent does with or within the actual or apparent authority from the principal, and within the scope of the agent's employment, * * *." 3 Am. Jur. 2d, Agency, § 261, p. 626. If such was the case, then the Harts would not be personally liable to plaintiff. "If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent cannot be held liable thereon, * * *." 3 Am. Jur. 2d, Agency, § 294, p. 654. See, also, Restatement, Agency 2d, § 328, p. 80. If the Harts' acts as agents were not authorized, they would be personally liable. "It is well settled that one who purports as agent to enter into a contract, upon which the principal is not bound because of the fact that the agent has contracted without authority or in excess of his authority, is personally liable for the damage thus occasioned to the other contracting party." 3 Am. Jur. 2d, Agency, § 298, p. 657. "The view generally followed at the present time is that the liability of an agent to a third person on a contract rests upon the theory or ground that he warrants his authority, and not that the contract is deemed to be his own." 3 Am. Jur. 2d, Agency, § 229, p. 658. "A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent

is not so authorized." Restatement, Agency 2d, § 329, p. 81.

It is evident that defendant and the Harts could not be jointly liable. The bases for liability were entirely different and distinct. Neither was an indispensable party to an action by plaintiff against the other. "Indispensable parties to a suit are those who have such an interest in the controversy that the court cannot render judgment without affecting their interest." Ohmart v. Dennis, 188 Neb. 260, 196 N. W. 2d 181. Defendant was not prejudiced in its defense. The District Court may determine any controversy between parties before it when it can be done without prejudice to the rights of others and need bring in other parties only when a determination of the controversy cannot be had without their presence. See Bailey v. McCoy, 187 Neb. 618, 193 N. W. 2d 270.

The judgment of the District Court is affirmed.

AFFIRMED.