Todd **WOJTALEWICZ**, husband and wife; and Kendra Wojtalewicz, husband and wife; Plaintiffs,

v.

**PIONEER HI–BRED INTERNATIONAL, INC.**, an Iowa corporation; Defendant.

No. 8:12CV76.

United States District Court, D. Nebraska.

Jan. 23, 2013.

David A. Domina, Domina Law Group, Omaha, NE, for Plaintiffs.

Carolyn A. Gunkel, Jacob D. Bylund, Ross W. Johnson, Faegre, Baker Law Firm, Des Moines, IA, for Defendant.

## MEMORANDUM AND ORDER

CHERYL R. ZWART, United States Magistrate Judge.

The defendant has moved for an order staying this litigation and compelling arbitration of the claims of Kendra Wojtalewicz and the claims assigned to the plaintiffs by Trey, Cole and Gerald Wojtalewicz, and Quaring Pleasant View Farm, LLC ("Quaring"). (Filing No. 28). For the reasons discussed below, the motion will be granted.

### PROCEDURAL HISTORY

This is the defendant's second motion to stay and compel arbitration. After reviewing the evidence on the first motion, the court concluded the claims held by plaintiff Todd Wojtalewicz in his own right, and not as an assignee of any other person or entity, must be submitted to arbitration.[1]

---

1. The court's prior order, (Filing No. 21), stated:

   a) Todd Wojtalewicz' claims held on his personal behalf, and not as an assignee, are subject to binding arbitration.

   b) Todd Wojtalewicz' personal claims will [not] be submitted to the arbitration forum until the court determines whether Kendra Wojtalewicz' claims and the assignor claims of Trey, Cole, and Gerald Wojtalew-

The court ruled the Pioneer "terms and conditions sheet" sent to Todd Wojtalewicz prior to his purchase of seed corn, and the terms written on the seed corn bags, were an integral part of the sales contract between Todd Wojtalewicz and Pioneer. Those documents contained an arbitration clause, and even assuming Todd Wojtalewicz did not read or sign these documents, he was nonetheless bound by the arbitration clause. The court explained:

> The contract between Todd Wojtalewicz and Pioneer is composed of the terms and conditions sheet received by Todd Wojtalewicz before he ordered the seed corn, the oral or written order he placed to purchase the seed, the invoice he received and paid, and the terms located on the seed corn bags as specifically incorporated by reference in the invoice. The arbitration clause was included within the contract; both in the terms and conditions sheet and on the back of the bags.

(Filing No. 21, at CM/ECF p. 9).

But as to Kendra Wojtalewicz' claim and the claims assigned to Todd and Kendra Wojtalewicz by Trey, Cole, and Gerald Wojtalewicz and by Quaring, the court found no evidence of record explaining how these parties could be bound by an arbitration clause in a contract to purchase Pioneer seed corn and, accordingly, nothing to explain why those claims—even as assigned to Todd Wojtalewicz—were subject to arbitration. The court permitted the parties to engage in limited discovery on this issue. (Filing No. 21, at CM/ECF p. 13). Having completed that discovery, the defendant now moves to submit both plaintiffs' claims, and the claims assigned to the plaintiffs, to arbitration.

icz or Quaring Farms are subject to arbitration.
The word not was inadvertently deleted from the order, but read in context, the

## FACTUAL STATEMENT

Todd and Kendra Wojtalewicz are married and farm in the Howard County, Nebraska area. Their farming operations are separate, but they share their profits and losses on a 60/40 basis; 60% to Todd Wojtalewicz and 40% to Kendra Wojtalewicz. (Filing No. 30-1, at CM/ECF p. 2, Request for Admission 1; Filing No. 34-3, at CM/ECF pp. 15–18). For the purposes of this litigation, Trey, Cole and Gerald Wojtalewicz, and Quaring have assigned their claims to the plaintiffs. (Filing No. 34-3, at CM/ECF p. 21; Filing Nos. 35-2, 35-3, 35-4, 35-5, 35-6). That said, Kendra Wojtalewicz knows nothing about how she received the claim assignments from Trey, Cole, and Gerald Wojtalewicz or from Quaring, (Filing No. 31-2, at 27:2–16), and there is nothing of record indicating she accepted those assignments.

Although not stated in the written assignment, Gerald Wojtalewicz states his claim assignment applies to only his lands farmed by Cole and Trey Wojtalewicz in 2011, and not for any land he farmed himself. (Filing No. 31-4, at 65:20–25). Gerald Wojtalewicz had no farming contract or arrangement with Todd and Kendra Wojtalewicz in 2011. (Filing No. 30-3, at CM/ECF p. 3, Interrogatory 9).

Todd Wojtalewicz handled the daily operations of Todd and Kendra Wojtalewicz' farming businesses. (Filing No. 31-1, at 33:19–22). For the 2011 growing season, Todd Wojtalewicz chose what seed to order and ordered the seed corn for both his own and Kendra Wojtalewicz' farming business. Kendra Wojtalewicz has never purchased Pioneer seed corn in her name only, and played no role in purchasing the 2011 seed corn, instead relying on Todd

order clearly stated Todd Wojtalewicz' claims against Pioneer must be arbitrated.

Wojtalewicz to handle the purchasing. Kendra Wojtalewicz never received a Pioneer terms and conditions sheet for purchasing seed corn from Pioneer. Todd Wojtalewicz, as the named buyer, received the invoice for purchasing seed corn, and he planted the seed corn in those fields tilled by Todd and Kendra Wojtalewicz. (Filing No. 30–1, at CM/ECF p. 2, Request for Admission 3–6; Filing No. 31–1, at 33:23–25; Filing No. 31–2, at 9:17–24, 14:10–18, 15:22–16:16, 17:1–3, 18:1–19:2, 28:16–21; Filing No. 34–2; Filing No. 34–3, at CM/ECF p. 6).

Kendra Wojtalewicz was not involved in planting corn, and she did not handle or read the Pioneer seed corn bags. (Filing No. 30–1, at CM/ECF p. 3, Request for Admission 8; Filing No. 31–1, at 7:5–7; Filing No. 30–5, at 19:14–16, 20:5–12). After receiving the Pioneer seed corn in preparation for planting, Kendra Wojtalewicz did not return or otherwise reject the product. (Filing No. 31–1, at 19:16–21).

Kendra Wojtalewicz asserts she never authorized Todd Wojtalewicz to agree to arbitrate her claims, and she never knowingly authorized him to enter into a contract on her behalf that required arbitration. By the time her crops were being planted for the 2011 growing season, she had no option other than to plant the Pioneer seed. (Filing No. 34–7, ¶¶ 2, 4 & 5).

The Quaring land was one of the parcels farmed by Todd and Kendra Wojtalewicz in 2011. The land was farmed on a crop-share basis; Quaring took a one-third share of the profits and losses, and Todd and Kendra Wojtalewicz received a two-thirds share. Neither Cole nor Trey Wojtalewicz had any farming arrangement with Quaring. Todd and Kendra Wojtalewicz purchased all the inputs, including the seed corn, and planted and tilled the Quaring land. (Filing No. 30–3, at CM/ ECF p. 2, Interrogatories 4, 5, & 6; Filing No. 31–1, 63:6–13).

As to the claims currently assigned to the plaintiffs, Gerald Wojtalewicz had verbal 2011 crop-share agreements with Trey Wojtalewicz (North 40, Lucy, and Turkey Lake fields), and a 2011 crop-share agreement with Cole Wojtalewicz (Taylor field). Under each of these crop-share contracts, Gerald Wojtalewicz received a one-third share and Trey or Cole received a two-thirds share. Trey and Cole purchased all the corn seed and other inputs for the land. (Filing No. 30–3, at CM/ECF p. 2, Interrogatories 7 & 8; Filing No. 34–4, at CM/ECF pp. 5–6; Filing No. 34–4, at CM/ ECF pp. 9–12; Filing No. 34–5, at CM/ ECF pp. 8–9; Filing No. 34–6, at CM/ ECF pp. 7–8, 19–20). Gerald Wojtalewicz played no role in deciding what would be planted, or in selecting or purchasing the seed. Gerald Wojtalewicz did not plant the seed or return or otherwise reject the seed corn delivered and planted on his land. (Filing No. 30–6, at 7:13–23; Filing No. 31–1, at 19:9–15; Filing No. 30–7, at 18:12–21, 19:19–22, 20:17–20, 25:4–9, 25:23–26:6, 27:20–28:6; Filing No. 31–4, at 39:22–40:1; Filing No. 34–4, at CM/ECF pp. 6–7; Filing No. 34–5, at CM/ECF pp. 5–7; Filing No. 34–6, at CM/ECF p. 9). Gerald Wojtalewicz has never read the language on any Pioneer seed corn bag, and he was not aware of the arbitration clause. (Filing No. 34–6, at CM/ECF pp. 17–18). He states he did not authorize Trey or Cole Wojtalewicz to agree that any claims against Pioneer would be submitted to binding arbitration. (Filing No. 34–11).

Todd Wojtalewicz, in his capacity as a Pioneer salesman, sold the Pioneer seed corn planted by Trey and Cole Wojtalewicz in 2011. (Filing No. 31–1, at 6:16–21). During the planting season in 2011, Cole Wojtalewicz was in college and Trey Wojtalewicz was in high school. Trey Wojta-

lewicz lived at home with his parents, and Cole Wojtalewicz would visit home during school. Cole and Trey Wojtalewicz both received mail at their parent's house.

On October 27, 2010, Pioneer mailed the "2011 Pioneer Terms and Conditions of Purchase" to Todd, Cole, and Trey Wojtalewicz at Todd Wojtalewicz home address, and to Gerald Wojtalewicz at his home address. The terms and conditions sheet stated:

> **NOTICE ARBITRATION/CONCILIA-TION/MEDIATION REQUIRED BY SEVERAL STATES:** Under the seed laws of several states ARBITRATION, CONCILIATION or MEDIATION is required as a prerequisite to maintaining a legal action based upon the failure of seed to which this notice is attached to produce as represented. The purchaser shall file a complaint (sworn for some states; signed for some states) along with the required filing fee (where applicable) with the Commissioner/Director/Secretary of Agriculture, Seed Commissioner, or Chief Agricultural Officer within such time as to permit inspection of the crops, plants or trees by the designated agency and the seedsmen from whom the seed was purchased. A copy of the complaint shall be sent to the seller by certified or registered mail or as otherwise provided by state statute. PLEASE CONSULT PURCHASER'S STATE DEPARTMENT OF AGRICULTURE FOR SPECIFIC REQUIREMENTS BEFORE ANY LEGAL ACTION IS INITIATED. Failure to follow this procedure could limit Purchaser's legal rights, including the remedy recoverable, depending on the law of Purchaser's state. NOTICE OF BINDING ARBITRATION: In addition to the mandatory arbitration required by several states, Purchaser and Pioneer agree that any claim or civil action of any nature arising out of or relating to the performance or quality of this product shall be submitted to binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. The place of arbitration shall be Des Moines, Iowa, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Disputes concerning or related to the use restrictions and limited licenses associated with this product, or concerning or related to intellectual property rights of Pioneer in or related to this product, or claims or causes of action brought by Pioneer against the Purchaser for failure to pay for this product, are not subject to this NOTICE OF BINDING ARBITRATION.

(Filing No. 30–4, at CM/ECF pp. 4–5). Neither Trey nor Cole Wojtalewicz remembers receiving a Pioneer terms and conditions sheet, but both admit they do not read all their mail. (Filing No. 30–4, ¶¶ 6 & 9; Filing No. 31–1, at 63:15–64:19; Filing No. 31–3, at 26:4–24; Filing No. 31–5, at 21:10–19; Filing No. 34–5, at CM/ECF pp. 29–30).

Gerald Wojtalewicz unequivocally states he never received the Pioneer terms and conditions sheet. (Filing No. 34–11). However, as to his crops at issue in this case, the seed was purchased by Cole or Trey Wojtalewicz and as such, Pioneer would have sent the terms and conditions sheet relevant to Gerald Wojtalewicz' assigned claims to Trey and Cole Wojtalewicz. Todd Wojtalewicz' current affidavit states he did not receive the terms and conditions from Pioneer in 2011, (Filing No. 34–8, ¶ 5), but the sheet was mailed in October of 2010, and Todd Wojtalewicz' prior affidavit acknowledged that he had seen the 2011 terms and conditions sheet. (Filing No. 34–12, ¶ 29). Moreover, the court has already ruled that Todd Wojta-

lewicz' claims must be arbitrated. (Filing No. 21).

Cole Wojtalewicz, who was in college during the 2011 planting season, did not move the bags of seed corn from his father's warehouse shed or pour the corn in the planters. (Filing No. 31–1, at 10:9–16). But the seed corn was delivered to Todd Wojtalewicz' warehouse for Trey and Cole Wojtalewicz' farming operations. Cole Wojtalewicz had access to the warehoused corn, but claims he never read the language on the seed corn bags. He did not return or otherwise reject the delivered seed corn. (Filing No. 30–6, at 15:17–22; Filing No. 31–1, at 16: 9–25, 17:9–16, 18:19–19:8; Filing No. 31–3, at 32:2–33:18; Filing No. 31–5, at 17:17–18:25, 23:20–24:19; Filing No. 34–4, at CM/ECF pp. 17–20). In contrast, Trey Wojtalewicz was actively involved with planting the Pioneer seed corn in 2011, but he did not read the information printed on the seed corn bags. Trey Wojtalewicz did not return or otherwise reject the delivered seed corn.

Cole and Trey each chose the type of crop and the seed variety they would plant in 2011. Each received invoices for the seed corn purchased from Pioneer, (Filing No. 30–6, at 7:13–23; Filing No. 31–1, at 13:8–19; Filing No. 31–5, at 20:21–21:1; Filing No. 34–3, at CM/ECF p. 7; Filing No. 34–4, at CM/ECF pp. 14–15 & 21), and they were each responsible for paying these invoices. (Filing No. 30–6, at 8:10–12, 12:1–13:11; Filing No. 31–1, at 20:7–20; Filing No. 31–5, at 8:3–9:1, 10:2–12, 14: 25–15:21; Filing No. 34–5, at CM/ECF pp. 11–12). The invoices stated:

> By the purchasing of the products listed on this invoice, you hereby consent to the jurisdiction of the state or federal courts in Polk County, Iowa in the event of litigation concerning this purchase. If binding arbitration is required (see

bag), the place of the arbitration will be Des Moines, Iowa.

(Filing No. 39, at CM/ECF pp. 2–3).

In accordance with the standard of the industry, Pioneer placed a printed arbitration clause on all of its seed corn bags. (Filing No. 38–1, ¶ 14). In 2011, the arbitration clause on the Pioneer seed corn bags stated:

### NOTICE ARBITRATION/CONCILIATION/MEDIATION

### REQUIRED BY SEVERAL STATES

Under the seed laws of several states ARBITRATION, CONCILIATION or MEDIATION is required as a prerequisite to maintaining a legal action based upon the failure of seed to which this notice is attached to produce as represented. The Purchaser shall file a complaint (sworn for some states; signed for some states) along with the required filing fee (where applicable) with the Commissioner/Director/Secretary of Agriculture, Seed Commissioner, or Chief Agricultural Officer within such time as to permit inspection of the crops, plants or trees by the designated agency and the seedsmen from whom the seed was purchased. A copy of the complaint shall be sent to the seller by certified or registered mail or as otherwise provided by state statute. PLEASE CONSULT PURCHASER'S STATE DEPARTMENT OF AGRICULTURE FOR SPECIFIC REQUIREMENTS BEFORE ANY LEGAL ACTION IS INITIATED. Failure to follow this procedure could limit Purchaser's legal rights, including the remedy recoverable, depending on the law of Purchaser's state. NOTICE OF BINDING ARBITRATION: In addition to the mandatory arbitration required by several states, Purchaser and Pioneer agree that any

claim or civil action of any nature arising out of or relating to the performance or quality of this product shall be submitted to binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. The place of arbitration shall be Des Moines, Iowa, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Disputes concerning or related to the use restrictions and limited licenses associated with this product, or concerning or related to intellectual property rights of Pioneer in or related to this product, or claims or causes of action brought by Pioneer against the Purchaser for failure to pay for this product, are not subject to this NOTICE OF BINDING ARBITRATION.

(Filing No. 10–2, ¶ 15).

Neither Cole nor Trey Wojtalewicz knew that Pioneer had a binding arbitration provision related to the performance or quality of its seed products. (Filing No. 34–4, at CM/ECF p. 16). By the time they were planting the 2011 crop, they had no alternative other than to plant the seed delivered by Pioneer. (Filing No. 34–4, at CM/ECF p. 24; Filing No. 34–5, at CM/ECF pp. 14–15, 22–25).

## LEGAL ANALYSIS

After analyzing the law and facts applicable to the claims held by Todd Wojtalewicz on his own behalf, the undersigned magistrate judge found:

- The contract between Todd Wojtalewicz and Pioneer includes the terms and conditions sheet received by Todd Wojtalewicz before he ordered the seed corn, the order he placed to purchase the seed, the invoice he received and paid, and the terms located on the seed corn bags as specifically incorporated by reference in the invoice.

- The arbitration clause on the Pioneer terms and conditions sheet, and on the back of the Pioneer seed corn bags is a material and integrated term of the contract to purchase Pioneer seed corn.

- The plaintiffs' lawsuit to recover losses due to "brittle snap" arises from the alleged lack of "performance or quality" of the Pioneer seed corn. As such, the claims are within the intended scope of the arbitration clause.

- The arbitration clause is enforceable even absent a signed sales contract.

- Since the arbitration clause was within the documents forming the parties' contract, it is enforceable even if it was not read.

- An arbitration clause is enforceable even if it was not written in bold print or otherwise singled out or emphasized in the contract.

- Absent some showing that the clause is unconscionable, an arbitration clause in a standardized contract is enforceable.

The questions left to be resolved are whether the claims of Kendra, Trey, Cole, and Gerald Wojtalewicz, and of Quaring are also subject to arbitration.

### 1. *Trey and Cole Wojtalewicz.*

■ Trey and Cole Wojtalewicz have assigned their claims to their parents, the plaintiffs. As the assignees of their sons' claims, Todd and Kendra Wojtalewicz stand in the shoes of their sons; that is, the claims received by assignment from Trey and Cole Wojtalewicz must be arbitrated if Trey and Cole Wojtalewicz are bound by the arbitration clause printed in the Pioneer terms and conditions sheet and on the Pioneer seed corn bags.

The factual and legal analysis applicable to Todd Wojtalewicz is also applicable to Trey and Cole Wojtalewicz. As with their father, in October of 2010, Pioneer sent Trey and Cole Wojtalewicz a terms and conditions sheet setting forth the material terms for buying Pioneer seed corn for the 2011 growing season. That terms and conditions sheet included an arbitration clause. After the terms and conditions sheet was mailed, Cole and Trey Wojtalewicz purchased Pioneer seed corn. The seed corn was delivered in bags which included a written arbitration clause. Both Trey and Cole Wojtalewicz received an invoice for the seed corn which referenced the arbitration clause on the seed corn bags. Trey and Cole Wojtalewicz did not read the terms on the bags, or reject the delivery. They did accept and plant the seed corn, and they paid the invoice. For the reasons discussed in the court's prior opinion, (Filing No. 21), Trey and Cole Wojtalewicz' claims are subject to arbitration and therefore, Todd and Kendra Wojtalewicz, as the assignees, must submit those claims to arbitration.

### 2. *Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring.*

Based on the facts of record, Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring did not receive a Pioneer terms and conditions sheet; they did not buy, plant or pay for any Pioneer seed corn; they received no Pioneer invoices; and they neither handled nor read the labels on any Pioneer seed corn bag. Todd Wojtalewicz handled all such matters for Kendra Wojtalewicz and Quaring Farms; Trey or Cole Wojtalewicz handled all such matters the Gerald Wojtalewicz' farmlands at issue in this case. Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring entered into no direct contracts with Pioneer.

█ In a recent opinion, *Reid v. Doe Run Resources Corp.,* 701 F.3d 840, 846 (8th Cir.2012), the Eighth Circuit addressed when a contract's arbitration clause can be enforced against a non-party. As explained in *Reid,* a party to a contract seeking to enforce arbitration against an unwilling non-party must establish at least one of the following theories: "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel." *Id.* Two of these theories— agency and estoppel—are applicable to the claims held by Kendra Wojtalewicz on her own behalf, Gerald Wojtalewicz and Quaring.

### a. *Principal/Agent.*

█ An "agent" is a person who is authorized by the principal to act on the principal's behalf and under the principal's control. *Koricic v. Beverly Enterprises–Nebraska, Inc.,* 278 Neb. 713, 717, 773 N.W.2d 145, 150 (Neb.2009).

> For an agency relationship to arise, the principal "manifests assent" to the agent that the agent will "act on the principal's behalf and subject to the principal's control." And the agent "manifests assent or otherwise consents so to act." An agency relationship may be implied from the words and conduct of the parties and the circumstances of the case evidencing an intention to create the relationship irrespective of the words or terminology used by the parties to characterize or describe their relationship.

*Id.*

█ Kendra Wojtalewicz and Quaring delegated the authority to operate their farming businesses to Todd Wojtalewicz. Todd Wojtalewicz managed and performed the day-to-day operations of their businesses, including selecting what crops to plant, selecting the brand and variety of seed, entering into contracts to purchase seed, paying for the seed, tilling the land, and planting the crop. Likewise, Cole and

Trey Wojtalewicz chose the crop, selected, bought, and planted the seed on the Gerald Wojtalewicz' properties at his request and with his knowledge and consent.

▬ When purchasing seed from Pioneer, Todd Wojtalewicz served as the agent of Kendra Wojtalewicz and Quaring regarding their respective shares of the farming operations, and Cole and Trey Wojtalewicz served as agents for Gerald Wojtalewicz regarding his one-third share of his farmland productivity. *See, e.g., Guenther v. Praest,* Case No. A03121, 2004 WL 2158151 at *9 (Neb.App.2004). The record clearly indicates that Todd, Cole, or Trey Wojtalewicz, as agents for Kendra Wojtalewicz, Gerald Wojtalewicz, or Quaring, were required to enter into contracts to purchase seed corn, but were given no restrictions or direction on how any disputes over the performance or quality of the seed would be resolved—whether by litigation or arbitration. "When a principal delegates authority to an agent to accomplish a task without specific directions, the grant of authority includes the agent's ability to exercise his or her discretion and make reasonable determinations concerning the details of how the agent will exercise that authority." *Koricic,* 278 Neb. at 717, 773 N.W.2d at 150. And if the principal provides "[p]rivate or secret instructions or limitations imposing qualifications on what would otherwise be the powers of an agent," those instructions "are without significance as against those dealing with the agent with neither knowledge or notice of them, so far as their relations with the principal are concerned." *Nelson v. Pennsylvania Fire Ins. Co.,* 154 Neb. 199, 202, 47 N.W.2d 432, 434 (Neb.1951).

The integral and material terms for purchasing Pioneer seed corn were listed in the terms and conditions sheet. Todd, Cole, or Trey Wojtalewicz, as agents for Kendra Wojtalewicz, Gerald Wojtalewicz, or Quaring, accepted these terms when they placed their orders, accepted delivery of the seed corn in bags containing an arbitration clause, and paid the invoices that included the arbitration clause by reference. Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring are bound by the terms of the Pioneer seed corn contracts entered into on their behalf to the extent Todd, Cole, or Trey Wojtalewicz acted within the scope of their authority. *Bury v. Action Enterprises, Inc.,* 197 Neb. 38, 246 N.W.2d 724 (1976). *See also Mintken v. Nebraska Surety Co.,* 187 Neb. 215, 216, 188 N.W.2d 819, 820 (1971) ("An undisclosed principal is ordinarily bound by contracts made on his account by an agent acting within his authority.").

Citing *Koricic,* Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring Farms argue they did not grant their agents the authority to accept a mandatory arbitration clause as part of the contract to purchase seed corn. *Koricic* is distinguishable. The plaintiff decedent in *Koricic* filed a personal injury action against a nursing home for injuries she sustained while a resident in that facility. At the time she entered the nursing home, the plaintiff instructed her son to complete the admission paperwork. The son was presented with not only the required authorizations and residential contract for plaintiff's admission, but also an optional contract which stated that any actions brought by his mother against the nursing home must be submitted to arbitration. The son signed the arbitration clause, ostensibly on his mother's behalf. After the plaintiff was injured, she filed a lawsuit against the nursing home. The nursing home moved to dismiss the lawsuit and to compel arbitration. The district court granted the motion. The *Koricic* Court reversed.

After discussing the agency principles outlined in this opinion, *Koricic* held that

under the evidence presented, the plaintiff's son was authorized to complete the paperwork necessary for the plaintiff's admission into the home, but not the optional "Resident and Facility Arbitration Agreement." The arbitration agreement was not a condition of admission, and was therefore not within the scope of his mother's directive—to complete the paperwork for her admission. There was no evidence to suggest that the plaintiff knew her son would be asked to sign, or that she authorized her son to sign, the arbitration agreement.

Unlike the arbitration agreement in *Koricic*, the Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring arbitration clause in the Pioneer seed corn contract was a material and integrated term of Pioneer's offer to sell seed corn. On behalf of themselves and, Todd, Cole, and Trey Wojtalewicz were responsible for selecting and purchasing seed corn for the 2011 planting season. They chose to purchase Pioneer seed corn, and the arbitration clause at issue was a term within that purchase contract. Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring are therefore bound by the arbitration clause.

b. *Direct Benefits Estoppel.*

■ Non-parties can be bound to an arbitration agreement under estoppel theories if they are seeking to directly benefit from the contract containing the arbitration agreement. *Reid*, 701 F.3d at 846. Direct benefits estoppel applies when a nonparty to a contract "knowingly exploits the agreement containing the arbitration clause" by "knowingly seeking and obtaining 'direct benefits' from that contract;" or "seeking to enforce the terms of that contract or asserting claims that must be determined by reference to that contract." *Id.* (quoting *Thomson–CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir.1995)).

In *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411 (4th Cir.2000), the buyer of an industrial saw sued a manufacturer, asserting claims for breach of contract, and breach of the product warranties arising from that sales contract. The buyer had dealt with a distributor and not the manufacturer when purchasing the saw. Thus the buyer had no contract with the manufacturer. The buyer's lawsuit sought to enforce warranties arising from the contract between the manufacturer and the distributor—a contract which included an arbitration clause. The manufacturer moved to compel arbitration of the claims asserted by the buyer, but the buyer objected.

*International Paper* held that although the buyer was not a party to the manufacturer/distributor contract, the buyer's claims were based upon and arose from that contract. As such, the buyer was bound by all of the contract terms—including the arbitration clause. Non-contracting parties are estopped from asserting that the lack of a contract, including any signature on a written contract, precludes enforcement of the contract's arbitration clause when the nonparties maintain that other provisions of the same contract should be enforced to benefit them. "To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act." *International Paper Co.*, 206 F.3d at 418 (quoting *Avila Group, Inc. v. Norma J. of California*, 426 F.Supp. 537, 542 (S.D.N.Y.1977)).

■ If the court ignores the agency principles previously discussed in this opinion, Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring had no contract with Pioneer for the purchase of seed corn. Yet Kendra Wojtalewicz' claims, and the

assigned claims of Quaring assert that a contract existed between Todd Wojtalewicz and Pioneer, and they are entitled to recover damages from Pioneer based on the rights and warranties created under the Todd Wojtalewicz/Pioneer sales contract. Likewise, Gerald Wojtalewicz' assigned claims seek recovery based on the rights and warranties created by the sales contract between Pioneer and Trey and Cole Wojtalewicz. The Todd Wojtalewicz/Pioneer contracts, and the Trey and Cole Wojtalewicz/Pioneer contracts included an arbitration clause. The nonparties who seek recovery under those contracts—Kendra Wojtalewicz, Gerald Wojtalewicz, and Quaring—are estopped from picking and choosing which of the contract terms they will honor. By asserting the right to recover the benefits arising from the Pioneer sales contracts, they are likewise bound by the obligations of those contracts, including the mandatory arbitration clause.

Accordingly,

IT IS ORDERED:

1) The defendant's Motion to Stay and to Compel Arbitration of the Claims of Kendra Wojtalewicz and the Claims Assignors, (Filing No. 28), is granted.

2) All claims raised in this case shall be promptly submitted to binding arbitration in accordance with the arbitration clause quoted and discussed in this opinion.

3) This case is stayed pending arbitration. Every 60 days from the date of this order, counsel shall file a joint status report with the court regarding the progress of the arbitration proceedings.