DONALD ROSS FRASER ET AL., APPELLANTS, V. ALICE N. TEMPLE ET AL., APPELLEES.

113 N. W. 2d 319

Filed February 16, 1962. No. 35109.

*Bruce K. Lyon,* for appellants.

*George B. Hastings, Frederick E. Wanek,* and *McGinley, Lane, Mueller & Shanahan,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

The plaintiffs, Donald Ross Fraser, Kenneth Fraser, Dorothy Hyde Fraser (who has no interest in the real estate here involved except by virtue of being the wife of Kenneth Fraser), and Bruce K. Lyon, administrator of the estate of Carrie N. Fraser, deceased, brought this action in the district court for Perkins County against Alice N. Temple, William H. Long, and Wardie E. Bullock, defendants, to partition 160 acres of farm real estate located in Perkins County and, in addition, for an accounting of rents and profits received by the defendant Alice N. Temple who was a cotenant with Carrie N. Fraser, now deceased.

This case is for trial de novo on the record before us.

The issue on this appeal is confined to the accounting, and there is no issue insofar as the partition of the real estate is concerned.

Donald Ross Fraser and Kenneth Fraser, since the death of their mother, Carrie N. Fraser, are each owners, in fee simple, of an undivided one-fourth interest in said real estate.

The trial court found that the plaintiffs were entitled to an accounting of the rents and profits from the defendant Alice N. Temple for the years 1956, 1957, 1958, and 1959; that said plaintiffs were not entitled to an accounting for any rentals received by Alice N. Temple before 1956, for the reason that said claim was barred by the statute of limitations; that upon the accounting action there was due the administrator of the estate of Carrie N. Fraser, deceased, $1,806.43; that no demand was made by the administrator until the filing of the amended petition on November 8, 1960, and by reason thereof the administrator is not entitled to interest thereon until after said date; that the total interest due to date of decree was $56.59, making an aggregate amount due the administrator of $1,863.02; and that the administrator had a lien against the interest of the defendant Alice N. Temple in the land involved in this action in said amount, together with interest at 6 percent per anum until paid.

Judgment was rendered in accordance with the findings.

The plaintiffs filed a motion for new trial, which was overruled. The plaintiffs perfected appeal to this court.

On or about April 25, 1887, the Union Pacific Railroad Company conveyed the southeast quarter of Section 13, Township 11 North, Range 38 West of the 6th P. M., in Perkins County, Nebraska, to Carrie N. Fraser and Alice N. Temple as tenants in common, in equal shares. Carrie N. Fraser died December 16, 1959.

The defendants, William H. Long and Wardie E. Bullock have been tenants on this land in the years 1956, 1957, 1958, and 1959.

The amended petition, for the second cause of action, alleged in substance that ever since the real estate was conveyed to Carrie N. Fraser and Alice N. Temple as tenants in common, Alice N. Temple had assumed control and management of the land, and during all of the period of time had leased and rented the land in her

own name, collected all of the rents for the same, used them for her own benefit, and had never accounted to the other tenants in common for any of the rents that she collected, nor had she paid such other tenants any of the money she collected from the rents; and that during this period of tenancy in common, this land had been leased most of the time on a crop-sharing basis. The plaintiffs prayed for an accounting to be made of all the rents and profits collected by Alice N. Temple since she took exclusive control of the land, about April 25, 1887; that any amount found due the plaintiffs be decreed to be a lien upon that part of said real estate owned by Alice N. Temple; and, in addition, that interest be allowed such plaintiffs on all the sums found due them from the time each item was due and payable.

The defendant, Alice N. Temple, in her answer, alleged an affirmative defense to the plaintiffs' second cause of action that all accounting claims and demands of the plaintiffs, if any there be, which accrued more than 4 years prior to the commencement of this action were barred by the statute of limitations of the State of Nebraska; and that plaintiffs were guilty of laches prohibiting any recovery by them beyond 4 years prior to the commencement of this suit. This defendant prayed that as to the second cause of action, an accounting be made by the court as between the parties from July 6, 1956, through and including 1960; and that credit be given Alice N. Temple for the taxes paid by her upon this land from July 6, 1956, through and including 1960.

The plaintiffs' reply denied the allegations of the defendant Alice N. Temple's affirmative defense, admitted that plaintiffs collected one-half of the rents from the land for the year 1960, and renewed the prayer of their petition.

Carrie N. Fraser was a resident of Los Angeles, California, and Alice N. Temple is a resident of Birmingham, Alabama.

Alice N. Temple made an accounting of the rents, profits, and taxes for the years from 1956 through 1960, as follows: For 1956, rent received, $968.48, taxes paid, $118.12; for 1957, rent received, $1,391.50, taxes paid, $127.12; for 1958, rent received, $1,552.75, taxes paid, $120.82; for 1959, rent received, $45.20, taxes paid, $149.86; and for 1960, rent received, $321.16, taxes paid, $150.30. She made the following explanation. The 1959 crop was hailed out, and Mr. Long planted milo, for which the amount shown was received in 1960. Bruce K. Lyon, the administrator of the estate of Carrie N. Fraser, deceased, procured one-half of the rent wheat for 1960, and the plaintiffs should be charged with one-half of the taxes for the year 1960.

During all of the time from 1887, Alice N. Temple collected the rents and profits and paid the taxes on this property. There was no effort made by her sister, Carrie N. Fraser, to require Alice N. Temple to account for any of the rents and profits that she may have received from such land. It is true that Alice N. Temple took exclusive control of this property. It is apparent that Carrie N. Fraser had a complete understanding with her sister, Alice N. Temple, with reference to the rents from this property for a period of 73 years. It is obvious that Carrie N. Fraser knew Alice N. Temple was collecting the rents on this real estate and retaining the same for her own use, and made no objections to such actions of Alice N. Temple in this respect. There is nothing in the record to indicate otherwise. No demand was ever made by Carrie N. Fraser during her lifetime for any part of the rents and profits so collected or for an accounting by Alice N. Temple. The first demand for an accounting was made by the heirs of Carrie N. Fraser when this suit was instituted on July 6, 1960.

In Beacom v. Daley, 164 Neb. 120, 81 N. W. 2d 907, this court said: "An action for the recovery of the reasonable value for the use and occupancy of lands is not barred by the statute of limitations until 4 years have

elapsed from the accruing of such action." The court went on to say: "Ordinarily a court of equity has no jurisdiction of an action for rent and claims for unpaid rent are separate and distinct causes of action for each term or payment involved. However, rent may be recovered in equity where the remedy has become difficult or where there is an uncertainty as to the title or the extent of the defendant's responsibility." See, also, Schuster v. Schuster, 84 Neb. 98, 120 N. W. 948, 29 L. R. A. N. S. 224; Fiala v. Tomek, 164 Neb. 20, 81 N. W. 2d 691.

In Names v. Names, 48 Neb. 701, 67 N. W. 751, this court said: "A tenant in common who alone occupies the common property, and holds possession adversely as sole owner, or where he excludes his co-tenant from the enjoyment of the premises, is liable to his co-tenant for the rents and profits." The court went on to say: "Mrs. Names was, we think, entitled to recover her share of the value of the use or rental of the property for four years prior to the commencement of the action, * * *. No rents prior to said period are recoverable, since the statute of limitations had run against them."

In Schuster v. Schuster, supra, this court said: "An action for the recovery of rents and profits from a co-tenant is not barred by the statute of limitations until four years have elapsed from the accruing of such action."

In Dewey v. Dewey, 163 Neb. 296, 79 N. W. 2d 578, this court said: "The accrual of a cause of action means the right to maintain and institute a suit, and whenever one person may sue another, a cause of action has accrued and the statute begins to run, but not until that time. So whether at law or in equity, the cause of action arises when, and only when, the aggrieved party has a right to apply to the proper tribunal for relief."

In Fitzsimmons v. Gilmore, 134 Neb. 200, 278 N. W. 262, the court said: "But, 'Equity regards stale claims with disfavor and long lapse of time, unexplained, even

when not of itself a bar to relief, operates by way of evidence against the justice of the right asserted, and not only subjects plaintiff's case to severer scrutiny than it would otherwise receive, and exacts of him a higher degree of proof than would otherwise be required, but moves the court to look with more indulgence on the evidence adduced by defendant. Long lapse of time, if unexplained, may create or justify a presumption against the existence of validity of plaintiff's right and in favor of the adverse right of defendant; or a presumption that if plaintiff was ever possessed of a right, it has been abandoned or waived, or has been in some manner satisfied, or that plaintiff has assented to or acquiesced in the adverse right of defendant; or a presumption that the evidence of the transaction in issue has been lost or become obscured, or that conditions have changed since the right accrued, and that in consequence the adverse party would be prejudiced by its enforcement.' 21 C. J. 226. '* * * the delay may be so long that under the circumstances many of the important facts have become obscured. To allow a complainant relief in such cases would frequently risk a great hardship to innocent parties. Consequently, the courts decline to interfere.' 4 Pomeroy, Equity Jurisprudence (4th ed.) p. 3425."

In Hawley v. Von Lanken, 75 Neb. 597, 106 N. W. 456, this court said: " 'Independently of any statute of limitations, courts of equity have inherent power to refuse relief after undue and unexplained delay, and where injustice would be done by granting the relief asked, and the doctrine applies to suits relating to land. * * * it is now well settled that, independently of any limitation prescribed for guidance of courts of law, equity may, in the exercise of its own inherent powers, refuse relief where it is sought after undue and unexplained delay, and when injustice would be done, in the particular case, by granting the relief asked.' "

Section 45-104, R. R. S. 1943, provides in part: "On

money due on any instrument in writing, or on settlement of the account from the day the balance shall be agreed upon, *on money received to the use of another and retained without the owner's consent, express or implied, from the receipt thereof* * * * and withheld by unreasonable delay of payment, interest shall be allowed at the rate of six per cent per annum." (Emphasis supplied.)

We conclude that under the above-cited section the plaintiffs are entitled to interest on each year's rent at the rate of 6 percent per annum for the years 1956, 1957, 1958, and 1959, that is, that Donald Ross Fraser and Kenneth Fraser would each receive the rent for a one-fourth interest which they have in the real estate, and Alice N. Temple would receive the rent for the one-half interest which she owns in the real estate.

Alice N. Temple made an accounting, as heretofore set forth, and paid the taxes on this land for each of the years for which the accounting was made as heretofore mentioned, and she is entitled to have this credited against any amount of rent that might be due the plaintiffs.

From a review of the evidence in this case and the authorities heretofore cited, we conclude that the judgment of the trial court should be reversed with reference to the interest to be allowed the plaintiffs, and in all other respects the judgment of the trial court should be affirmed. We remand the cause with directions to the trial court to proceed in accordance with this opinion to fix the amount of interest due the plaintiffs.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.