ESTATE OF EMMA RUWE, THELMA H. WINDHUSEN, EXECUTRIX, APPELLEE, v. ALLEN RUWE, APPELLANT.
211 N.. W. 2d 610

Filed October 26, 1973.   No. 38960.

Richard L. Kuhlman, for appellant.

Sidner, Svoboda, Schilke & Wiseman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action in equity for an accounting of farm rentals. Plaintiff sought recovery on the theory of a tenancy from year to year created by holding over under a 1960 written lease. Defendant claimed the lease was terminated by agreement and that in lieu of rent, he was to pay the owner's living and other expenses; also, that the statute of limitations had run as to the earlier years involved. Following trial to the court, judgment was entered for plaintiff. We affirm the judgment except as to prejudgment interest.

By stipulation the issue of liability was tried first and, at its conclusion, the court stated: "Since the trial of the first stage of this case on March 29, 1972 the court has indicated a determination that there was no fixed agreement and that the estate is entitled to the reasonable rental value of the land for the years 1966, 1967, 1968 and possibly, the year 1969. Therefore, it is the understanding of the court that the evidence now will be limited to the reasonable rental value of the real estate and as to the year of 1969, when the rent is due, and credits due the defendant for any payment of taxes, payments to the life tenant, repairs, and insurance and maintenance." Trial was then held, without objection by either party, on the issue of rents due on the basis of quantum meruit.

Plaintiff's decedent held a life estate in the 316-acre farm occupied by her son, the defendant. A lease was executed for the ensuing year commencing March 1, 1960. There was evidence to the effect that the parties later terminated the lease by agreement. Defendant maintained that in lieu of a lease he agreed to pay his mother whatever money she required and to set up a bank account for this purpose. The bank account was never established and he failed to produce a single check showing a payment to his mother, but he did pay real estate taxes. It is evident that, if there was such an agreement, it was not adhered to nor complied with.

The court found that the written lease had been terminated but that no other agreement was entered into. This was the basis for the court's finding that rentals were due on a quantum meruit basis.

Defendant now asserts that plaintiff cannot recover in quantum meruit after pleading a written contract. This assignment was not mentioned in his motion for a new trial but is ineffective in any event. "The general rule that the allegations of the pleadings and proof thereunder must agree will not be applied to reverse a judgment, where an issue is tried by both parties without objection from either that such issue is not sufficiently pleaded. Under such conditions, the appellate court will consider the pleadings as sufficient to raise the particular issue." Hensley v. Chicago, St. P., M. & O. Ry. Co., 118 Neb. 690, 226 N. W. 421. See, also, Johnson v. Weskamp, 122 Neb. 381, 240 N. W. 514.

This action was commenced on April 16, 1971. In August 1967, defendant paid the balance of the 1966 real estate taxes on the farm. The court held that this tolled the statute of limitations as to the 1966 rent. It is conceded that the payment of taxes was the responsibility of the plaintiff life tenant and that defendant is entitled to credit for taxes paid. " 'A voluntary payment upon a claim otherwise barred by the statute of limitations is one that was intentionally and consciously made and accepted as part payment of the particular indebtedness in question under such circumstances as would warrant a clear inference that the debtor assented to and acknowledged the greater debt to be due as an existing liability.' " Beacom v. Daley, 164 Neb. 120, 81 N. W. 2d 907. The payment of real estate taxes by a tenant must logically be deemed a payment on rent due rather than a donation. The evidence indicates that the payment was made voluntarily and was acquiesced in as a payment on rents due.

Defendant also questions the requirement that he pay rent for the March 1, 1969, to March 1, 1970, year

as the life tenant died on January 20, 1970, and defendant was the remainderman. His contention is based upon the theory that the rent did not accrue until March 1, 1970, after the termination of the life tenancy. In support of his theory he cites Beacom v. Daley, *supra*. That case holds that rents accruing after the death of the life tenant belong to the remainderman. There was no evidence to show when the rent accrued and it was therefore deemed to fall due when the lease period terminated. In the present case the uncontradicted evidence shows that cash rent would be payable in advance and that crop-share rents fell due when the crops were harvested which was prior to December 1, 1969. The rent had already accrued to the life tenant prior to her death. It was personal property and as such belonged to the executrix of the estate of the life tenant. This court held in In re Estate of Mischke, 136 Neb. 875, 287 N. W. 760: "Where a tenant for life of farm land leases the land, with the rent payable in a share of the crop, and dies while the crop is growing, title to the share of the crop reserved as rent passes to the executor of the tenant for life as assets of that estate." The decision is based on the well-founded theory that growing crops are personal property. It is in line with holdings generally in other jurisdictions. See Annotation, 47 A. L. R. 3d 801.

The rule announced in Beacom v. Daley, *supra,* is frequently unsuited for application to rentals of agricultural lands, and insofar as it may conflict with In re Estate of Mischke, *supra,* it is overruled.

A question arises as to the allowance of interest on the sum found due. It will be noted that the trial court permitted recovery on a quantum meruit basis and found that no oral or written lease existed. Under such circumstances the rental terms were not fixed and definite. Recovery was on the basis of the "fair and reasonable rental value." The amount due was not liquidated. "A claim is liquidated if the evidence furnishes

data which, if believed, makes it possible to compute the amount, without reliance upon opinion or discretion." Abbott v. Abbott, 188 Neb. 61, 195 N. W. 2d 204. The ascertainment of "reasonable rental value" is a matter of judgment or opinion. It is not determined or readily determinable by computation. Under such circumstances prejudgment interest cannot be allowed.

The judgment entered in the District Court is affirmed with the exception of the allowance of prejudgment interest.

AFFIRMED AS MODIFIED.