FARMERS MUTUAL HOME INSURANCE CO., HOOPER, NEBRASKA, A CORPORATION, APPELLANT, V. ROBERTS & DYBDAHL, INC., A FOREIGN CORPORATION, APPELLEE.

294 N. W. 2d 369

Filed July 8, 1980. No. 42877.

Hurt & Gallant, for appellant.

Michael F. Kinney of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

The plaintiff brought an action in the District

Court for Douglas County, Nebraska, against the defendant, Roberts & Dybdahl, for damages suffered by plaintiff's assignor to a building as the result of a windstorm. The building was manufactured by the defendant and erected under its direction and control. After trial to the court, a jury being waived, the district judge found for the defendant. The plaintiff, Farmers Mutual Home Insurance Co., appeals. We affirm.

Wylene Hasemann purchased a building, described as a pole shed, from the defendant. The building was erected by the Farmers Coop of Scribner, Nebraska, the defendant's dealer, who is not a party to this action. The building sold by the defendant was 36 feet wide, 75 feet long, and 12 feet high. It was open on one side and sheltered on three sides. The primary function of the shed was to protect cattle from the weather. Part of a sales brochure for the building supplied by the defendant contained the following statement: ''To prevent resettling, they [the poles] are set on 12″ x 5″ concrete footing pads, 4′ in the ground, and then firmly tamped.'' On April 16, 1976, the building blew over in what the evidence described as near tornado strength winds. The building was attached to the ground by 6-inch by 6-inch timbers. The timbers on the back, or north, side of the building were 7 feet 6 inches on center, and in the front, or open, end, the timbers were located approximately 15 feet on center for the length of the structure. After the destruction of the property, it was determined, and not disputed in the evidence, that the poles were not placed 4 feet in the ground as required by the sales brochure but varied from a depth of 21 inches to 32 inches for the deepest pole.

In its petition, the plaintiff, after alleging that it was the insurer of Wylene Hasemann, that it had paid Hasemann for the loss and secured an assignment from him of the cause of action against the

defendant, pled causes of action on two theories. The first cause alleged that the statements in the sales brochure were an express warranty and that the failure to construct according to the warranty specifications was the proximate cause of the injury to the building. In the second cause of action, the plaintiff alleged that the defendant was negligent in the construction of the building, that the negligent construction consisted, as previously indicated, of not placing the treated timbers 4 feet in the ground as required by the sales brochure, and that this failure was the proximate cause of the damage. Two additional causes of action, one on warranty and one in negligence, alleged damage to another building on which the pole shed fell. A demurrer to the causes of action in negligence was sustained by the trial court. The plaintiff assigns as error: (1) That the court erred in sustaining the defendant's demurrer to the negligence causes of action; and (2) That the judgment is not supported by the evidence and is contrary to the law and facts.

Essentially, the plaintiff's causes of action against the defendant and its evidence were limited to the breach of the express conditions in the sales brochure, i.e., that the poles were to be placed 4 feet in the ground on a concrete pad with the soil firmly tamped. The negligent acts relied on are identical to those alleged as grounds for breach of the contract. We held in *Fuchs v. Parsons Constr. Co.*, 172 Neb. 719, 111 N.W.2d 727 (1961), that, where one contracts to perform a given undertaking in accordance with prescribed plans and specifications, he is not permitted to vary from the prescribed plans and specifications. If he performs the work in accordance with the prescribed plans and specifications, he cannot be held as a guarantor that it will be free from defects or withstand the action of the elements or accomplish the purpose intended. In such a situation, the engagement of the contractor is fulfilled

by compliance and he remains liable only for defects resulting from improper workmanship or other faults on his part.

In *Lincoln Carpet Mills, Inc. v. Singer Co.*, 549 F.2d 80 (8th Cir. 1977), the court said:

> [U]nder the *Fuchs'* test, the proper form of redress is in contract. The sense of the *Fuchs'* test is that when the parties to a dispute have defined by contract the nature and extent of a particular duty, what constitutes an unreasonable or negligent performance of that duty cannot be ascertained without reference to the contractual definition. To claim that Singer owed an independent duty in tort to perform by the date completion would have occurred but for the fire is to totally ignore the parties' contractual aims and bargained for duties.

The defendant's duty was defined by the contract. It is the breach of the contract to erect in accordance with the plans and specifications on which the plaintiff must rely if he wishes to obtain relief. The trial court properly sustained the demurrer to the plaintiff's second and fourth causes of action.

In its judgment, the trial court found that the statement in the brochure constituted an express warranty, that the plaintiff's assignor relied on the warranty, and that the defendant breached the warranty. However, the trial court further found that the plaintiff failed to prove that the breach of the warranty proximately caused the damages claimed by the plaintiff. The evidence on the point was conflicting. Two civil engineers, each with extensive experience in building design, testified, one on behalf of the plaintiff and one on behalf of the defendant. The testimony of the plaintiff's witness was to the effect that, if the building had been constructed according to specifications, the structure would have resisted the winds of 60, 70, 80, and 90 miles an hour.

The civil engineer as a witness for the defendant testified that a wind of 60 miles an hour would have exerted far more force than the building was designed to withstand and that the building could have fallen in any event. Even if constructed as designed, the building would have fallen at the higher wind speeds also. The judgment of a trial court in an action at law where a jury has been waived has the effect of a verdict of a jury and will not be set aside unless clearly wrong. *Alliance Tractor & Implement Co. v. Lukens Tool & Die Co.*, 204 Neb. 248, 281 N.W.2d 778 (1979). In determining the sufficiency of the evidence to sustain a judgment, that evidence must be considered most favorably to the successful party and every controverted fact must be resolved in that party's favor and he is entitled to the benefit of any inference reasonably deducible from it. *Burgess v. Curly Olney's, Inc.*, 198 Neb. 153, 251 N.W.2d 888 (1977). Resolving the controverted evidence most favorably to the successful party, the trial court's judgment is sustained by sufficient evidence and the plaintiff's second assignment of error is also without merit. Therefore, the trial court's action is affirmed.

AFFIRMED.