THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A FOREIGN CORPORATION, APPELLEE AND CROSS-APPELLANT, V. ANTHONY R. GRECO, APPELLANT AND CROSS-APPELLEE.

318 N.W.2d 724

Filed April 23, 1982. No. 44074.

John J. Hanley and Peter L. Harlan, for appellant.

Ronald F. Krause of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Anthony R. Greco (Greco), appeals from a verdict returned by a Douglas County District Court jury finding Greco liable to the appellee, The Prudential Insurance Company of America (Prudential), by reason of a certain lease agreement entered into by and between Greco and Prudential. We affirm.

The evidence in the case is virtually without dispute. On April 11, 1967, Greco entered into a commercial leasehold agreement with Westroads, Inc., a Nebraska corporation. Subsequently the lease was assigned by Westroads, Inc., to Prudential. Upon the expiration of the lease, Greco was required to vacate the premises. Thereafter, Prudential commenced this action against Greco for certain amounts allegedly due to it under the terms of the lease.

At the conclusion of the plaintiff's case, Greco moved the court to direct a verdict against Prudential with respect to the amount claimed by Prudential under section 29 of the lease agreement. The trial court took the motion under advisement. Thereupon, Greco confessed judgment to the plaintiff under sections 4, 8, and 19 of the lease agreement in the principal sum of $4,211.22. Subsequently Greco rested without introducing any evidence of his own and renewed his motion for a directed verdict against Prudential with respect to the amount claimed by Prudential under section 29 of the lease agreement. Again, the trial court took the motion under advisement and submitted the matter to the jury, instructing it to return a verdict for Prudential in an amount not less than $4,211.22, plus such additional amount, if any, they should find due to Prudential from Greco under section 29 of the lease.

The jury returned a verdict for Prudential for the full amount of its claim against defendant, including the amount claimed under section 29 of the lease agreement. The total verdict was in the amount of $8,495.42. The trial court then overruled Greco's motions, which had previously been taken under advisement, and judgment was rendered upon the jury verdict in that amount.

Greco has brought this appeal on a single assignment of error. He maintains that the trial court should have sustained his motion for directed verdict with respect to the amount claimed under section 29 of the lease. The basis of his argument is that Prudential failed to produce sufficient evidence to sustain its burden of proof. In further support of his argument, Greco maintains that the only person competent to determine the amount due under section 29 of the lease was the county assessor of Douglas County, Nebraska. We believe that the claim is totally without merit.

Section 29 of the lease simply and clearly provides in part as follows: "Tenant shall be liable for and shall pay to either the Owner or the taxing authority before delinquent all taxes levied or assessed against or for leasehold improvements; store fixtures; lighting fixtures; merchandise; equipment; interior partitions; that heating, cooling, and ventilating equipment located within the demised premises; or any other interior improvements of whatever kind and to whomever belonging situated or installed in or upon the demised premises whether or not affixed to the realty. In the event that the taxing authorities shall at any time during the term of this lease assess any of the above-described property against the real estate, the taxes thus assessed shall be repaid by the Tenant to the Owner not later than three (3) days prior to the delinquent date thereof."

The president of Management, Inc., a corporation

employed by Prudential to manage the shopping center and to carry out the terms of the lease, testified both on direct examination and in part in response to questions put by Greco's counsel, allegedly on the grounds that the questions were foundational, how the amount determined to be due and owing from Greco to Prudential was computed. The president testified that Prudential paid the full amount due on the taxes, including the amounts due on Greco's improvements for which it sought reimbursement. He further testified the company works with the county assessor in developing a breakdown of all the improvements in the shopping center. Specifically, he testified: "Well, the owner of the shopping center is assessed for the total and the Assessor's Office then assists with the breakdown by tenants to arrive at the value of these individuals, but our bill is a single assessment, a single bill which we then bill back out." He further testified, when asked what factors go into Management, Inc.'s, considerations of the individual allotment: "Square footage and the value, the degree and quality of improvements within a particular space, the amount of frontage." He again testified that the county assessor meets with Management, Inc., in assisting it in the breakdown to the individual tenants. The testimony of Management, Inc.'s, president, if believed, sufficiently made out a prima facie case under the provisions of section 29 of the lease. The elements necessary to establish a right of recovery were that Prudential paid taxes levied to the taxing authority; that included in the amount paid as taxes was a sum based upon tenant's improvements; and that Greco owes Prudential a sum certain for the payment of the taxes. This Prudential did.

We have frequently held that in determining the sufficiency of the evidence to sustain a verdict, the reviewing court must consider the evidence most

favorably to the successful party and every controverted fact must be resolved in his favor and he must have the benefit of every inference as reasonably deducible therefrom. See, *Farmers Mut. Home Ins. Co. v. Roberts & Dybdahl, Inc.,* 206 Neb. 651, 294 N.W.2d 369 (1980); *Hancock v. Paccar, Inc.,* 204 Neb. 468, 283 N.W.2d 25 (1979); *Lockhart v. Continental Cheese, Inc.,* 203 Neb. 331, 278 N.W.2d 604 (1979).

Under the state of the record, the trial court had no alternative except to submit the case to the jury for its decision. The best that can be said regarding the evidence from Greco's standpoint is that a dispute existed as to how much was owed and whether Prudential's method of computing the amount owed was correct. Where reasonable minds may differ as to conclusions or inferences to be drawn from the evidence, such issues must be submitted to the jury. See *Hansen v. Hasenkamp,* 192 Neb. 530, 223 N.W.2d 44 (1974). If Greco believed that the method used by Prudential in computing the amounts claimed to be due was improper, Greco should have sought to introduce such evidence. Having failed to do so, the trial court was left with no other alternative but to submit the issue to the jury for its consideration. There was no error in doing so. Prudential was under no obligation to provide such witnesses, as Greco preferred.

Prudential has filed a cross-appeal in this case alleging that the trial court erred in the amount allowed Prudential as prejudgment interest. On January 23, 1981, following hearing on the application, the trial court entered an order awarding Prudential prejudgment interest in the amount of $233.90.

However, section 34 of the lease provides in part as follows: "If any rent or other sums due and payable under this lease are not paid by the Tenant within fifteen (15) days after same are due and payable, it is agreed that the rent or other sums payable

. . . shall bear interest at the rate of nine percent (9%) per annum from fifteen (15) days after same are due and payable until paid." Such a contractual provision is valid and binding if agreed to by the parties. Neb. Rev. Stat. § 45-104 (Cum. Supp. 1980) provides: *"Unless otherwise agreed,* interest shall be allowed at the rate of twelve per cent per annum on money due on any instrument in writing, or on settlement of the account from the day the balance shall be agreed upon, on money received to the use of another and retained without the owner's consent, express or implied, from the receipt thereof, and on money loaned or due and withheld by unreasonable delay of payment. *Unless otherwise agreed* or provided by law, each charge with respect to unsettled accounts between parties shall bear interest from the date of billing unless paid within thirty days from the date of billing." (Emphasis supplied.)

Having "otherwise agreed," the provisions of § 45-104 were superseded by section 34 of the lease. The only question then is the date from which prejudgment interest should be computed. The trial court apparently used the date of judgment rather than the time provided for in the lease. We believe this was error. While the rule is generally to the effect that unliquidated demands do not bear interest until the amounts have been liquidated, the rule is otherwise where the parties have contracted to do otherwise. See, *Mid States Engineering v. Rohde,* 182 Neb. 590, 156 N.W.2d 149 (1968); *Frank McGill, Inc. v. Nucor Corp.,* 195 Neb. 448, 238 N.W.2d 894 (1976). Specifically, in 47 C.J.S. *Interest & Usury* § 40 a. at 99-100 (1982), the author notes: "Where the parties have contracted for the payment of a particular lawful rate of interest, to be paid after the maturity of the debt and on default in payment, such contract controls and the rate thus fixed is recoverable, provided the rate is not unconscionable. Thus, if the contract provides for a certain rate of interest

until the principal sum is paid, such contract generally will control the recovery as to the rate after maturity; in other words, the contract governs until the payment of the principal or until the contract is merged in a judgment."

On that basis, we believe that the trial court should have awarded prejudgment interest in favor of Prudential and against Greco at the rate of 9 percent per annum on the principal amount of $8,495.42 for the period beginning May 5, 1979, and ending January 7, 1981, the date of the judgment. This amounts to $1,281.92. The judgment of the trial court is in all respects affirmed, except that it is modified with regard to prejudgment interest to provide that prejudgment interest in favor of Prudential and against Greco should be awarded in the amount of $1,281.92.

AFFIRMED AS MODIFIED.

WHITE, J., concurs in the result.