HOLT COUNTY COOPERATIVE ASSOCIATION, APPELLEE, V. CORKLE'S, INCORPORATED, APPELLANT.

336 N.W.2d 312

Filed July 1, 1983.   No. 82-437.

James Widtfeldt, for appellant.

J. Murry Shaeffer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

This appeal arises from a suit on an account by the plaintiff-appellee, Holt County Cooperative Association, against the defendant-appellant, Corkle's, Incorporated. Pursuant to the jury's verdict, the trial court entered judgment against the defendant in the sum of $4,056.77, together with prejudgment interest in the amount of $3,369.71. It also awarded the plaintiff an attorney fee of $4,660. We affirm as modified.

Plaintiff's second amended petition alleged that defendant was indebted to plaintiff in the sum of $5,003.11 for goods and supplies furnished by plaintiff to defendant at defendant's specific insistence and request from May 16, 1977, to June 1, 1978. Throughout the course of this litigation defendant filed a multitude of voluminous documents bearing little relationship to the pleading requirements contemplated by our statutes. Nonetheless, the case went to trial on plaintiff's aforesaid petition and the answer portion of defendant's "Amended Answer Recoupment, Counterclaim & Cross-Petition." A fair reading of that 50-paragraph filing, including subparagraphs and 33 incorporated paragraphs which

had been stricken by the court from a prior filing, is that it alleged two defenses: the failure to deliver the goods and supplies and that the charges made were not fair and reasonable. That document, including the aforesaid incorporated paragraphs, also alleged the conclusions that the plaintiff violated its own credit policy in connection with the subject transactions as well as in transactions with nonparties. It further alleged that plaintiff, of which defendant was a member, mismanaged itself, as the consequence of which defendant's stock ownership in plaintiff became worthless, to defendant's damage in the sum of $2,000. The prayer sought discovery orders as well as legal and equitable relief. On plaintiff's motion the trial court struck all of defendant's allegations except those which generally denied the operative allegations of plaintiff's second amended petition and those which alleged failure to deliver and excessiveness of the charges. The trial court then limited the defendant's discovery and presentation of evidence to matters relating only to those two defenses. The case was tried accordingly, and the jury was instructed that plaintiff had the burden of establishing the quantity of merchandise it delivered at defendant's request and the reasonable price at which such was delivered. The court further instructed the jury that "the defendant has denied that some of said merchandise was ever delivered, and if on all the credible evidence, you the jury find by a preponderance of the evidence that certain items of said merchandise were not delivered to the defendant or that some items of merchandise were delivered in smaller quantity than claimed by the plaintiff, then you the jury shall recompute the statement of account between plaintiff and defendant based upon your finding of quantity and price and return a verdict in favor of the plaintiff and against the defendant in the amount for which you find there was delivery to defendant, less credits due defendant."

Continuing the style it had established in the trial court, the defendant in its verbose and largely incomprehensible brief in this court made 54 assignments of error in language which is both redundant and confusing. For whatever reason, it undertook to discuss but 21 of the 54 assignments. The rule is that errors assigned but not discussed will generally not be considered by this court. Neb. Rev. Stat. § 25-1919 (Reissue 1979); *State v. Hochstetler, ante* p. 482, 334 N.W.2d 455 (1983); Neb. Ct. R. 9D(1)(d) (Rev. 1982). The remaining 21 purported errors discussed can be summarized as being that the court erred (1) by limiting the defenses which defendant might present and eliminating its counterclaim or setoff, (2) in awarding prejudgment interest, and (3) in awarding an attorney fee.

As to the first assignment of error, the defendant's conclusion that the plaintiff violated its own credit policy stated no recognized legal defense as pled. Defendant's allegations concerning the mismanagement of plaintiff and resultant loss to the defendant, assuming arguendo that they had been properly and separately stated and numbered and had alleged adequate supporting facts, still did not comply with the requirements of Neb. Rev. Stat. § 25-812 (Reissue 1979) that a defense, counterclaim, or setoff "must refer in an intelligible manner to the cause of action which they are intended to answer." Neither did those allegations meet the requirements of Neb. Rev. Stat. § 25-816 (Reissue 1979), which provides: "A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court." The trial court was correct in striking those allegations. The trial court correctly limited the defendant to the discovery and presentation of evidence on the only relevant issues Corkle's, Incorporated, had properly pled, and then only by giving it the benefit of a generously favorable reading of its almost unintelligible filings.

Defendant correctly argues in its second assignment of error that in this jurisdiction the rule is generally to the effect that unliquidated demands do not bear interest and that, generally, where a reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such recovery, the claim is unliquidated. *Classen v. Becton, Dickinson & Co., ante* p. 543, 334 N.W.2d 644 (1983); *Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 329 N.W.2d 97 (1983). It is also true, however, that the rule is otherwise where the parties have contracted to do otherwise. *Prudential Ins. Co. v. Greco*, 211 Neb. 342, 318 N.W.2d 724 (1982). Thus, in *Prudential* this court allowed prejudgment interest pursuant to the contract between the parties where the plaintiff recovered the exact amount it claimed under the contract. There is evidence in this case which supports the trial court's finding, in its interest computation following the entry of judgment pursuant to the jury's verdict, that the agreement between the parties was that 1 percent per month would be charged on balances remaining unpaid for more than 30 days. Whether the jury discounted the amount plaintiff claimed on the basis that the charges were not fair and reasonable, or that some merchandise claimed to have been delivered was not, is immaterial. For under either circumstance, unlike the situation in *Prudential*, the amount due and the date from which it was due cannot be computed without opinion or discretion. That being so, the claim was not liquidated. See, *Smith v. Fettin Roofing Co.*, 213 Neb. 184, 328 N.W.2d 470 (1982); *Estate of Ruwe v. Ruwe*, 190 Neb. 663, 211 N.W.2d 610 (1973); *Mid States Engineering v. Rohde*, 182 Neb. 590, 156 N.W.2d 149 (1968). It follows then that prejudgment interest is not recoverable under the circumstances of this case.

This brings us to the remaining assignment of error, the assessment of an attorney fee. Defendant correctly states it to be the practice in this state to

allow the recovery of attorney fees and expenses only in such cases as are provided for by statute, or where the uniform course of procedure has been to allow such recovery. *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982). This practice is in keeping with the so-called American rule that a prevailing party may not also recover an attorney fee from his opponent. The generally accepted justification of this rule is that a defendant should not be unduly influenced from vigorously contesting claims made against him. For a general discussion of this rule and its exceptions, see Annot., 31 A.L.R. Fed. 833 (1977).

There is neither a statute nor has there been a uniform course of procedure allowing attorney fees under the circumstances of this case. Nonetheless, courts of general jurisdiction have inherent power to do all things necessary for the proper administration of justice and equity within the scope of their jurisdiction. See *Lippincott v. Lippincott*, 152 Neb. 374, 41 N.W.2d 232 (1950), awarding an attorney fee to the wife, wherein the husband refused to perform and by his own extrajudicial conduct attempted to circumvent the trial court's initial decree by maintaining actions through others against his wife to quiet title in such persons. The rationale was based in part upon the need to protect and enforce the initial decree of the trial court. See, also, *Hoffmeyer v. Hoffmeyer*, 157 Neb. 842, 62 N.W.2d 138 (1954); *Harrington v. Grieser*, 154 Neb. 685, 48 N.W.2d 753 (1951).

A delineated exception to the American rule just mentioned, however, is that attorney fees may be "shifted" to the opponent when there exists conduct during the course of litigation which is vexatious, unfounded, and dilatory, such that it amounts to bad faith. Annot., 31 A.L.R. Fed. 833 (1977) and cases cited therein, including *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); *Boeing Co. v. Van Gemert*, 444

U.S. 472, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980); *Road-way Express, Inc. v. Piper*, 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); *Hall v. Cole*, 412 U.S. 1, 93 S. Ct. 1943, 36 L. Ed. 2d 702 (1973); *In Re Boston & Providence Railroad Corporation*, 501 F.2d 545 (1st Cir. 1974).

The conduct of the defendant throughout this litigation, which had its origination in nothing more than a suit on an account, in filing myriad repetitious, irrelevant, supercilious, and pettifogging documents; in employing general tactics of delay by seeking and reseeking to conduct discovery into matters previously ruled to be inappropriate; and in the general tenor and tone in which the defense of this proceeding was carried on, is more than sufficient to establish the bad faith element required to award the plaintiff herein an attorney fee. The defendant herein repeatedly elected to ignore the trial court's rulings and to continually present anew matters which had previously been ruled upon and for which, had those rulings been erroneous, it had full recourse by appropriate appeal to this court.

In so ruling we have no desire to chill vigorous and responsible advocacy. This opinion is not to be read to indicate that attorney fees will be awarded other than under this jurisdiction's previously existing rules or other than in such extraordinary and unusual circumstances as were presented by this case. Because the record before us is abundantly clear, we have approved the attorney fee awarded by the trial court. Should a case such as this present itself in the future, however, the trial court shall, after hearing, make specific findings of fact sufficient to support a conclusion that there existed conduct during the course of litigation which was so vexatious, unfounded, and dilatory as to constitute or be tantamount to bad faith. See *Roadway Express, Inc. v. Piper*, *supra*. Such an attorney fee must further be limited in amount so as to relate only to that part of the action necessitated by the misconduct. See,

*Richardson v. Communications Wkrs. of America,* 530 F.2d 126, *reh'g and reh'g en banc denied* (8th Cir. 1976), *cert. denied* 429 U.S. 824, 97 S. Ct. 77, 50 L. Ed. 2d 86; *Wright v. Jackson,* 522 F.2d 955 (4th Cir. 1975).

We note in passing that the trial court did not give the foregoing analysis as a basis for its granting of the attorney fee. However, this is of no import. It is the rule in this jurisdiction that although a trial court may give the wrong reason for an action, if it reaches the right result, the result will nonetheless be affirmed on appeal. *Lilyhorn v. Dier, ante* p. 728, 335 N.W.2d 554 (1983); *Leo A. Daly Co. v. Omaha-Douglas Public Bldg. Comm.,* 212 Neb. 533, 324 N.W.2d 252 (1982); *Omaha P.P. Dist. v. Darin & Armstrong, Inc.,* 205 Neb. 484, 288 N.W.2d 467 (1980).

The judgment of the trial court is approved except for the award of prejudgment interest.

AFFIRMED AS MODIFIED.