STATE OF NEBRASKA EX REL. CATHERINE TOLEDO, APPELLEE, V.
PAUL C. BOCKMANN, APPELLANT.
355 N.W.2d 521

Filed October 5, 1984.   No. 84-034.

Donald C. Hosford, Jr., of Crossman, Norris & Hosford, for appellant.

No appearance for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On September 7, 1983, relator, Catherine Toledo, filed an application to increase the child support payments made by defendant, Paul C. Bockmann, in a filiation proceeding that had been initiated by Toledo sometime prior to January 29, 1981. After hearing on the application, Bockmann was ordered to increase the child support payments of $100 per month to $130 per month beginning December 1, 1983, with a further increase to $150 per month beginning July 1, 1984. Bockmann was also ordered to pay $250 as attorney fees for Toledo. Bockmann has timely appealed from the trial court's denial of his motion for new trial. Bockmann alleges that the trial court erred in increasing the child support payments where there was no evidence adduced of a material change in the circumstances of either party, in prospectively further increasing the child support payments effective at a date 7 months after the hearing, and in awarding attorney fees. For the reasons hereinafter stated we affirm the trial court's order in part, and in part reverse.

The transcript before us is sketchy in that the particulars of the initial pleadings and orders are not shown. We can determine that the filiation proceedings were begun sometime prior to January 29, 1981, because an exhibit introduced at the modification hearing by Bockmann shows that on that date of January 29, 1981, the court entered an order for $100 child support payments "com 6-1-81," a phrase we assume to mean "commencing June 1, 1981." From the same exhibit we also note that the right to the child support payments was assigned to "Welfare" on May 12, 1981, and that this assignment was terminated on April 20, 1983.

The same record indicated that the child support payments were suspended on March 17 and reinstated on May 28, effective June 1, 1982. At the time of the modification hearing in November of 1983, Bockmann was $100 delinquent in his payments.

With regard to Bockmann's first assignment of error—that the trial court erred in increasing the amount of child support where there was no evidence of a material change in circumstances of the parties—we agree with Bockmann's statement of the applicable law. In *Riederer v. Siciunas*, 193 Neb. 580, 228 N.W.2d 283 (1975), we determined that the court, in a proceeding under Neb. Rev. Stat. ch. 13 (Reissue 1974), can modify the amount of child support if there has been a change of circumstances. We disagree with Bockmann's assertion that a change of circumstances was not shown in this case. The evidence before the trial court showed that Toledo was no longer receiving welfare assistance in September of 1983, when she filed her application to modify—a different situation than in either January of 1981 or April of 1983. The evidence further showed that Toledo was 20 years old in November of 1983, was employed, and desired to move out of her parents' home and establish her own home with her child. Toledo's circumstance had materially changed.

Additionally, the evidence showed that Bockmann was a 1979 high school graduate attending college in November 1983. He lived in his own apartment at a rental of $275 per month, owned his own car, owned a new $1,600 stereo system, a new $277 water bed, and had just returned from a 3-week, $700

vacation with his girl friend. He apparently financed this lifestyle with summer work at $10 per hour, student loans, and educational grants. The court would be justified in finding that Bockmann's circumstances had changed. The court was well within its discretion in ordering the $30 per month increase in child support.

With regard to the automatic increase of $20 per month, the question is closer. Bockmann relies on the law as set out in the court's syllabus point in *Shald v. Shald*, 216 Neb. 897, 346 N.W.2d 406 (1984), "It is in the best interests of the children that the amount set for child support in the decree remain constant without reduction based on supposition of an event that may or may not take place in the future." We adhere to that general statement. In this case, however, the record establishes enough of a pattern to justify the trial court's prospective order. Beginning with the court's initial order of January 29, 1981, the court realized that at this stage of Bockmann's life he earned the bulk of his income in the summertime. Again, in 1982 the court suspended Bockmann's child support payments in March and reinstated them effective June 1, 1982. We determine that in the specific circumstances of this case, the trial court did not abuse its discretion in ordering the additional $20 per month increase on July 1, 1984.

With regard to Bockmann's last assignment of error, we determine that the court erred in awarding an attorney fee to Toledo in this filiation proceeding under chapter 13 (Reissue 1983). As stated recently in *City of Gering v. Smith Co.*, 215 Neb. 174, 181, 337 N.W.2d 747, 751 (1983), quoting from *Higgins v. Case Threshing Machine Co.*, 95 Neb. 3, 144 N.W. 1037 (1914), " 'It is the practice in this state to allow the recovery of attorneys' fees only in such cases as are provided for by law, or where the uniform course of procedure has been to allow such recovery. . . .' ." We find no statutory authority in chapter 13 (Reissue 1983) for the allowance of attorney fees. The record in this case does not show any "uniform course of procedure" allowing such fees. Accordingly, the order of the trial court allowing Toledo an attorney fee is reversed and set aside.

AFFIRMED IN PART, AND IN PART REVERSED.

KRIVOSHA, C.J., concurring in part, and in part dissenting.

I concur with all of the majority opinion in this case except for that portion which determined that an attorney fee should not be allowed. By continually adhering to a rule that we will " 'allow the recovery of attorneys' fees only in such cases as are provided for by law, or where the uniform course of procedure has been to allow such recovery . . .' " (*City of Gering v. Smith Co.*, 215 Neb. 174, 181, 337 N.W.2d 747, 751 (1983)) is, in reality, to say we shall allow such fees only where provided for by law. For, obviously, a uniform course of procedure can never come about if we refuse to permit even the first case. While the rule regarding uniform course of procedure has been regularly repeated by this court since our holding first in *Higgins v. Case Threshing Machine Co.*, 95 Neb. 3, 144 N.W. 1037 (1914), a reading of *Higgins* fails to disclose either the origin of that rule or its need. The lesson, however, is that if between 1914 and 1984, one has been unable to discover how to develop a uniform course of procedure, it is not likely that such procedure will ever come about.

In the instant case we have an anomalous situation where, if the parties were married and the custodial parent sought support, attorney fees would be allowed. But where, as here, the parties are not married and the need for the funds is even greater, attorney fees are disallowed.

While we refuse to recognize the reality of the matter in this case, we had less difficulty with it recently in *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983), where, for the first time, we recognized "a uniform course of procedure" and allowed attorney fees, noting that although there was neither a statute nor a uniform course of procedure, that "courts of general jurisdiction have inherent power to do all things necessary for the proper administration of justice and equity within the scope of their jurisdiction." *Id.* at 767, 336 N.W.2d at 315.

It occurs to me that in cases brought under Neb. Rev. Stat. ch. 13 (Reissue 1983), awarding attorney fees under circumstances similar to these presented here is necessary to do "all things necessary for the proper administration of justice and equity" and should have been allowed. I would affirm the trial court's awarding attorney fees.