IN RE ESTATE OF EVA M. WIDGER, DECEASED.
MARLIN E. WIDGER ET AL., APPELLANTS, V. ORVILLE E. WIDGER,
PERSONAL REPRESENTATIVE OF THE ESTATE OF EVA M. WIDGER,
DECEASED, APPELLEE.
454 N.W.2d 493

Filed April 26, 1990.   No. 88-727.

Terry E. Savage for appellants.

Guy G. Curtis, of Curtis & Curtis Law Firm, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.
Appellants claim that both the district court for Chase

County and the Chase County Court erred in denying their claims for rents and profits against the estate of Eva M. Widger because of laches. We reverse and remand with directions.

The appellants, two of Eva Widger's sons, Marlin E. and Percy D. Widger, and two of her grandchildren, James R. and Abbie Jo Widger, all partial owners of a Chase County farm, filed claims against the mother-grandmother's estate for their share of the farm's rents and profits. Owners of the remaining interests in the farm, Orville and Glenn Widger, did not file claims.

In 1943, subject to a life estate in their father, each of five Widger brothers inherited an undivided two-fifteenths interest and their mother, Eva Widger, obtained a one-third interest in the Chase County farm. Upon the father-husband's death in 1969, interests in the land were held five-fifteenths by Eva Widger; two-fifteenths by each of four brothers: Marlin, Percy, Orville, and Glenn; and one-fifteenth each by James and Abbie Widger, children of the fifth brother, who was by then deceased. Marlin Widger testified that after the claims were filed against the estate of Eva Widger, he obtained the interests of James and Abbie Widger, giving him a four-fifteenths interest in the farm.

From 1969 until she died on November 8, 1984, Eva Widger had sole possession of the farm. With the exception of Marlin Widger, none of the appellants ever instituted legal proceedings to collect a share of the farm's rents and profits. In 1974, Marlin sued his mother for rents and profits. He received a settlement.

After his mother's death, Marlin submitted to the personal representative of his mother's estate a claim wherein he asked for his share of the farm's rents and profits from 1975 through 1984. The other appellants submitted the same type of request, but extended the period to 1969 through 1984. The personal representative of Eva Widger's estate denied all claims. Thereupon, the appellants pursued their claims and filed petitions in the estate for an accounting of their respective shares of rents and profits from the farm. The personal representative filed an accounting for the years 1981 through 1984, which was received into evidence. After a hearing, the appellants' claims were denied by the Chase County Court. The

county judge concluded that the appellants were not entitled to recover rents and profits that had accrued during the lifetime of Eva Widger because of laches. On appeal, the district court reviewed the county court judgment for error appearing on the record, see Neb. Rev. Stat. § 25-2733 (Reissue 1989) (formerly Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1988)), and affirmed the judgment.

An action for an accounting may under one set of circumstances find its remedy in an action at law and under another find it within the jurisdiction of equity. *Gesell v. Reeves*, 229 Neb. 842, 429 N.W.2d 363 (1988); *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900 (1982).

Where close relationships of the parties are involved, an adequate remedy is available only within the equitable jurisdiction of the court. *Id*. See, *Cook v. Wilkie*, 181 Neb. 596, 150 N.W.2d 124 (1967); *Fraser v. Temple*, 173 Neb. 367, 113 N.W.2d 319 (1962). In an appeal from an equity action, the Supreme Court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where credible evidence is in conflict on a material issue of fact, the Supreme Court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Production Credit Assn. of the Midlands v. Schmer*, 233 Neb. 749, 448 N.W.2d 123 (1989).

Although ordinarily one has the undoubted right to bring an action within the statutory period of limitations, courts of equity have inherent power to refuse relief after undue and inexcusable delay independent of the statute, when not to do so would work injustice in the particular case. What constitutes laches is to be determined in light of the circumstances of the particular case. *Van Pelt v. Greathouse*, 219 Neb. 478, 364 N.W.2d 14 (1985). However, the defense of laches is not favored in Nebraska. It will be sustained only if a litigant has been guilty of inexcusable neglect in enforcing a right to the prejudice of his adversary. *Production Credit Assn. of the Midlands v. Schmer, supra*. In addition, laches is not tenable to defeat an equity cause when there has been no material change in a defendant's

position. *State v. Jarchow*, 219 Neb. 88, 362 N.W.2d 19 (1985). See, also, *Fleury v. Chrisman*, 200 Neb. 584, 264 N.W.2d 839 (1978).

Having reviewed the record de novo, we conclude that there has been inexcusable neglect on the part of appellants in asserting their rights with respect to the property. Marlin Widger admits he made no attempts to seek legal recourse to secure rents or profits after his first action in 1974. Percy Widger testified that he approached Eva Widger about rents, but did not pursue the issue after she told him that he would have to take her to court to get them. Nancy Mathers, the mother of appellants James and Abbie Widger, admitted that even though she knew her children were entitled to rents, she did not want to sue Eva Widger.

The record contains no proof that Eva Widger materially changed her position or was otherwise prejudiced because of the appellants' failure to institute earlier proceedings to collect their share of the rents and profits on the farm. Therefore, the doctrine of laches does not apply.

Each appellant is entitled to his or her fractional share of rents and profits from the farm, but only for the 4-year period immediately preceding the filing of his or her claim, that being within the applicable statute of limitations. See Neb. Rev. Stat. § 25-206 (Reissue 1989). See, also, *Fraser v. Temple, supra*; *Beacom v. Daley*, 164 Neb. 120, 81 N.W.2d 907 (1957), *overruled on other grounds, Estate of Ruwe v. Ruwe*, 190 Neb. 663, 211 N.W.2d 610 (1973).

There being no other credible basis on which to determine a division of rents and profits, we find from the personal representative's accounting that the claims of Percy D. and Marlin E. Widger should each be allowed in the sum of $1,434 and that the claims filed by James R. Widger and Abbie Jo Widger should each be allowed in the sum of $717.

The judgment of the district court for Chase County is reversed, and the cause is remanded to that court with instructions to enter judgment in accordance with this opinion and to remand the cause to the Chase County Court with instructions to correct its judgment accordingly.

REVERSED AND REMANDED WITH DIRECTIONS.