DOWNEY, Judge.
This appeal is from an order allowing attorney’s fees in a petition for modification of the final judgment in a paternity action. The appellant/mother seeks reversal of the award on the ground that the fee allowed is inadequate. By cross appeal, the father seeks to reverse the award on the ground that there is no authority for awarding an attorney’s fee in a proceeding to modify a final judgment of paternity under Chapter 742, Florida Statutes (1989).
The Circuit Court of Palm Beach County entered a final judgment of paternity against appellee/cross appellant in 1984 providing for child support and attorney’s fees, among other things. In 1987, the mother filed this modification proceeding, which was granted based upon a settlement agreement of the parties that resolved all matters in controversy except the allowance of attorney’s fees. Accordingly, after an evidentiary hearing, the trial court entered the order being appealed awarding appellant attorney’s fees of $8,000 for the modification proceedings. The mother now contends the award was unreasonably low and the father contends no award was authorized by law.
Florida is, and has been for years, committed to the proposition that attorney’s fees may be awarded against a party only when provided for by contract, by *267 statute, or where the attorney’s services create or bring a fund or other property into the court. Stump v. Foresi, 486 So.2d 62 (Fla. 4th DCA 1986); Israel v. Lee, 470 So.2d 861 (Fla. 2d DCA 1985). In the present case, there is clearly no agreement or fund produced so the issue revolves around the existence, or not, of any pertinent statutory authority.
The mother contends that logic and reason indicate that the claimant here should be allowed her attorney’s fees. The mother has a demonstrated need, the father clearly has ability to pay, and the statute provides in section 742.031 for attorney’s fees and all costs in the original proceeding to determine paternity. Section 742.06 then provides for the retention of jurisdiction “for the purpose of entering such other and further orders as changing circumstances of the parties may in justice and equity require.”
The father’s counter argument is that the taxation of attorney’s fees and costs is in derogation of the common law and thus the entitlement thereto must be strictly construed. Stump. This legal position is supported by an article in the April, 1989, issue of the Florida Bar Journal, page 30, entitled Attorney’s Fees in Paternity Modification Proceedings. Several cases from foreign jurisdictions with similar statutes have opted for a similar conclusion. See Fink v. Roller, 113 Ill.App.3d 1084, 69 Ill. Dec. 744, 448 N.E.2d 204 (Ill.Ct.App.1983) and Toledo v. Bockmann, 218 Neb. 428, 355 N.W.2d 521 (1984).
The mother also attempts to analogize the present situation to section 61.16, Florida Statutes, which provides for attorney’s fees and costs for proceedings under Chapter 61, including modification proceedings. Unfortunately the analogy is not apt; in fact, under rules of statutory construction, it militates against the mother’s position. Furthermore, it was rejected in Stump, as the entire chapter involves provisions pertaining to dissolution of marriage proceedings.
We thus reluctantly conclude that the matter is one within the purview of the legislature and commend the problem to that body for enlightened curative legislation. However, since the award of attorney’s fees to a needy parent in the modification of a paternity judgment has so many compelling arguments, we certify our decision here to the Supreme Court of Florida as a matter of great public importance, as follows:
WHETHER SECTION 742.031 OF THE FLORIDA STATUTES, PROVIDING FOR AN AWARD OF ATTORNEY’S FEES IN AN ORIGINAL PATERNITY ACTION, CAN BE CONSTRUED AS ALSO SUPPORTING AN AWARD OF FEES IN A POSTJUDGMENT PROCEEDING FOR MODIFICATION OF CHILD SUPPORT IN A PATERNITY ACTION.
In view of the foregoing, we reverse the order granting attorney’s fees to appellant/ cross appellee.
DELL, J., concurs.
GUNTHER, J., dissents with opinion.