HARDING, Justice.
We have for review P.A.G. v. A.F., 564 So.2d 266, 267 (Fla. 4th DCA1990), in which the Fourth District Court of Appeal certified the following question to be of great public importance:
WHETHER SECTION 742.031 OF THE FLORIDA STATUTES, PROVIDING FOR AN AWARD OF ATTORNEY’S FEES IN AN ORIGINAL PATERNITY ACTION, CAN BE CONSTRUED AS ALSO SUPPORTING AN AWARD OF FEES IN A POSTJUDGMENT PROCEEDING FOR MODIFICATION OF CHILD SUPPORT IN A PATERNITY ACTION.
We rephrase the question as follows:
Whether the Florida Statutes provide for an award of attorney’s fees in a post-judgment proceeding for modification of a child support order which was entered in a paternity action.
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and answer the rephrased question in the affirmative.
In 1984, the Circuit Court of Palm Beach County entered final judgment of paternity against A.F. and provided for child support and attorney’s fees. In 1987, P.A.G., the mother of the child, petitioned for a modification of the final judgment in the paternity action. The modification was granted based upon a settlement agreement of the parties which resolved all matters in controversy except the allowance of attorney’s fees. In 1989, the trial court entered an order awarding P.A.G. attorney’s fees of $8,000. P.A.G. appealed to the Fourth District Court of Appeal, claiming that the fee award was inadequate. A.F. cross-appealed, claiming that no award is authorized by law in a proceeding to modify a final judgment of paternity under chapter 742, Florida Statutes (1989). The district court reversed the order granting attorney’s fees to P.A.G. and certified the issue to this Court as one of great public importance.
In Florida, attorney’s fees may be charged against a party only when provided for by contract or by statute. Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892 (Fla.1938). In the instant case where the settlement agreement did not resolve the issue of attorney’s fees, the propriety of the award “revolves around the existence, or not, of any pertinent statutory authority.” P.A.G., 564 So.2d at 267. The court below held that section 742.031 specifically provides for attorney’s fees and costs only in the original proceeding to determine paternity and not in the modification of a paternity judgment. Id. The opinion stated that the legislature must enact new legislation which specifically permits an award of attorney’s fees in the modification of a paternity judgment. The court also found chapter 61 inapplicable because “the entire chapter involves provisions pertaining to dissolution of marriage proceedings.” Id. However, Judge Gunther, in her dissent, stated that the award of attorney’s fees was authorized by section 61.16, Florida Statutes (1989), as this postjudgment proceeding constituted a proceeding for modification of an order of *1261 child support brought pursuant to section 61.14(1). Id. (Gunther, J., dissenting).
Based upon the plain language of section 742.031, we agree that the statute only authorizes attorney’s fees for the determination of paternity proceeding and does not address the award of fees for subsequent proceedings.[1] However, we hold that in modification proceedings such as these the court may consider the award under chapter 61. It is an accepted maxim of statutory construction that a law should be construed together with and in harmony with any other statute relating to the same subject matter or having the same purpose, even though the statutes were not enacted at the same time. Garner v. Ward, 251 So.2d 252 (Fla.1971). The issue of paternity was resolved in the original determination of paternity proceeding brought under chapter 742 and A.F. was required by court order to make child support payments. P.A.G.’s subsequent petition for modification of the child support order was not a “determination of paternity proceeding,” and, therefore, not governed by chapter 742. Thus, we agree with Judge Gunther that we must look to the plain meaning of section 61.14(1), Florida Statutes (1989), in order to determine if the award of attorney’s fees was proper in this case.
Section 61.14[2] provides for the “[e]n-forcement and modification of support, maintenance, or alimony agreements or orders.” The statute does not limit this enforcement and modification authority to court-ordered payments arising from dissolution or separate maintenance proceedings. Instead, the statute provides that, upon the motion of either party, the circuit court has jurisdiction to modify an agreement, whether in connection with a dissolution or separate maintenance proceeding or with a voluntary property settlement, and also has jurisdiction “when a party is required by court order to make any payments.” Section 61.14(1), Fla.Stat. (1989). “The fact that the order for child support was entered as a result of [a] successful paternity suit does not alter the fact that it is simply an order for child support.” P.A.G., 564 So.2d at 267 (Gunther, J., dissenting).
Thus, P.A.G.’s petition for modification of the child support order is governed by section 61.14(1), and attorney’s fees were properly awarded pursuant to section 61.-16, Florida Statutes (1989), which authorizes the court to “order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.”
Accordingly, we answer the rephrased question in the affirmative, quash the opinion below, and remand for proceedings consistent with this opinion.
It is so ordered.
*1262 SHAW, C.J., and OVERTON, McDonald, BARKETT and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion.

. We note that subsequent to the decision below and to the date of oral argument before this Court the legislature created section 742.045, Florida Statutes (1991), which specifically authorizes an award of attorney's fees in any proceeding under chapter 742, including enforcement and modification proceedings. See ch. 91-246, § 7, Laws of Fla.

. Section 61.14, Florida Statutes (1989), governs the enforcement and modification of support, maintenance, or alimony agreements or orders. The pertinent part of section 61.14 provides:
(1) When the parties enter into an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party changes or the child who is a beneficiary of an agreement or court order as described herein reaches majority after the execution of the agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for an order decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
(Emphasis added.)